WITTMANN, Executrix, etc., vs. WATRY.

PRACTICE.    (1) *When plaintiff has affirmative of issue.* (2, 3) *Finding erroneous for want of proof of allegations not admitted.*

1. The plaintiff sued as " executrix and residuary legatee," and the complaint averred that she was such.    The answer alleged that defendant had no knowledge or information sufficient to form a belief as to that averment.    *Held*, that plaintiff had the affirmative of the issue so raised, and could not recover without proof in that respect.

2. No evidence having been introduced on either side, the court found generally " that the allegations of the complaint were true." *Held,* that the finding was erroneous in respect to plaintiff's alleged character as executrix, etc., and an exception to that finding was sufficient to secure a reversal of the judgment.

3. For the same reason an exception by defendant to a further finding, that a certain sum was due from him to the plaintiff, was sufficient to secure a reversal.

APPEAL from the Circuit Court for *Ozaukee* County.

The complaint alleges that the defendant in 1860 executed in writing under seal to one Schrœling, a lease of certain premises at a stipulated annual rent; that soon after defendant assigned for value to the plaintiff's testate the rent for the third year, and one half the rent for the fifth year; that the lessee had no notice of such assignment, and that the defendant in 1861 accepted a surrender of the premises and the lease from the lessee; alleges the death of the plaintiff's testate and issue of letters testamentary, etc., and demands judgment for the amount of the rent so assigned.

The answer alleges that at the time of making the lease and assignment, one Malherbe, who had theretofore been owner, and was in possession of the demised premises, was indebted to Wittmann, the plaintiff's testate, upon judgments which were of record; that an agreement was made, at Malherbe's request, between Schrœling and Wittmann, that the rent should be paid, as alleged in the complaint in payment of said indebtedness of Malherbe, and that Wittmann should look to Schrœling alone for the payment of the debt; that defendant assigned such rent for the purpose only of assenting to such agreement and disposition of the rent; that said Wittmann did not release Malherbe, or satisfy said judgments: that Scrhœling, without agreement or surrender quit and abandoned the premises in the summer of 1861, and they remained unoccupied till March 1862, when defendant leased them to another; that Shrœling knew of the assignment; that Malherbe promised defendant that, if he would allow said rent to be paid to Witt-

mann, Malherbe would repay it to defendant, which was the only consideration he received; that no person had paid to him the moneys which he had consented by such agreement might be paid to Wittmann. The answer denied the acceptance of a surrender of the lease, and denied any knowledge of the allegation that the plaintiff is executrix of said Wittmann, and alleged that Schroeling had notice of the assignment.

The case coming on for trial, plaintiff moved for judgment, to which defendant objected. The court then held that the case could be tried by defendant's taking the affirmative of the issue. Defendant claimed that, under the pleadings, plaintiff had the affirmative, and moved to dismiss, as plaintiff refused to prosecute; and upon defendant's refusal to give proofs, the court ordered judgment for the plaintiff for the amount demanded in the complaint. A finding was filed, in which the court found the allegations of the complaint to be true, to which defendant excepted.

*H. G.* and *W. J. Turner,* for appellant.

*G. W. Foster,* for respondent.

COLE, J. We consider it unfortunate that the parties did not introduce their evidence in support of the issues made, and try this cause upon the merits. The due administration of justice would have been promoted by their doing so. As the case now stands, the only question before us is: Was the circuit court right in rendering judgment for the plaintiff on the pleadings? No evidence was introduced on either side, the parties disagreeing as to which had the burden of proof. The court held that the affirmative of the issues was upon the defendant, and, upon his refusing to give any proof, ordered judgment for the plaintiff.

It seems to us that the plaintiff was not entitled to judgment without giving some evidence in support of her complaint. Not to allude to other issues made by the pleadings, it is sufficient to say that, as the plaintiff sues in a representative char-

acter, it was essential for her to prove that she was the executrix and residuary legatee of John Wittmann, as alleged in the complaint. As to that allegation the defendant averred that he had no knowledge or information sufficient to form a belief; and this form of traverse put that allegation in issue. To that extent, it is obvious, the affirmative of that issue was upon the plaintiff. On the former trial the plaintiff proposed to prove other averments in her complaint, and that the defendant accepted a surrender of the premises from the lessee, Schrœling. 31 Wis., 638. It would have been well, perhaps, had the plaintiff pursued the same course on the second trial. By this intimation we do not wish to be understood as expressing any opinion upon the question whether the pleadings do or do not show a valid surrender and acceptance of the premises. When all the facts are before the court, it will be time enough to consider that point.

The counsel for the plaintiff, however, insist that there are no sufficient exceptions to the findings of the court. The court found, among other things, that the allegations in the complaint were true. This finding is specifically excepted to. As no evidence was introduced, it is plain that this finding is based upon the pleadings alone. We have already said that the plaintiff was bound to give some evidence to sustain the allegation that she had the right to bring the action in the representative character in which she sues. The court could not find that issue in favor of the plaintiff without some evidence to prove its truth.

The same remark applies to the finding of the amount due the plaintiff, and the exception taken thereto. The ruling of the court was, that the *onus probandi* was upon the defendant on all the issues, and that, if no evidence were given, the plaintiff was entitled to recover upon the pleadings. We have just said that we consider this view erroneous.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.