(November 16, 1898.)

## FIRST NATIONAL BANK OF MOSCOW v. MARTIN.
### [55 Pac. 302.]

STIPULATION.—A stipulation of parties in disregard of the rules of the court will not be regarded by the court.

BANKRUPTCY—BOND OF ASSIGNEE—BREACH OF BOND.—In an action upon the bond of an assignee in bankruptcy, where the trial court finds that assets to the amount of $2,005 of the bankrupt's estate have been received by the assignee, that all of the proceed- ings required by statute have been followed up to enforce an accounting by the assignee, but that such assignee has failed and neglected to account for such assets, a finding by the court that such failure on the part of the assignee constitutes a breach of the bond is not error.

SHAM AND FRIVOLOUS ANSWERS.—An answer which contains denials upon information and belief of matters which are entirely made up of the files and records in a case in which the defendant was a principal party is properly stricken out as sham and frivolous.
(Syllabus by the court.)

APPEAL from District Court, Latah County.

G. G. Pickett and S. S. Denning, for Appellants.

Where it is that an action is pending or has been tried in the same court as the case on trial, and either of the parties rely on the records of the other case, the court will not nor cannot take

judicial notice of such record unless the same is offered in evidence. (*Downing v. Howlett,* 6 Colo. App. 291, 40 Pac. 505; *Myers v. State,* 46 Ohio St. 473, 15 Am. St. Rep. 638, 22 N. E. 43; *People v. De La Guerra,* 24 Cal. 73, 77; *Water Co. v. Coles,* 31 Cal. 215; *Ralphs v. Hensler,* 97 Cal. 296, 32 Pac. 243; *Daniel v. Bellamy,* 91 N. C. 78; *Ferrier v. Bates,* 55 Tex. 193; Idaho Rev. Stats., sec. 4208.) Sham and irrelevant answers and irrelevant and redundant matter inserted in the pleading may be stricken out upon such terms as the court in its terms impose. (*Fay v. Patterson,* 51 Cal. 313; *Greenbaum v. Turrill,* 57 Cal. 285; *Lybecker v. Murray,* 58 Cal. 186.)

Forney, Smith & Moore, for Respondent.

It is fundamental that sham and irrelevant answers and matters inserted in a pleading may be stricken out. (Idaho Rev. Stats., sec. 4208; Pomeroy's Code Remedies, secs. 551, 552, 585; Bliss on Code Pleadings, 422.) Upon the right to strike out matters denying court records upon information and belief, we cite *Mullally v. Townsend,* 119 Cal. 47, 50 Pac. 1066, which case holds that the court can absolutely disregard such denials. (*Mulcahy v. Buckley,* 35 Pac. 144, 100 Cal. 484; *Cumins v. Lawrence Co.,* 1 S. Dak. 158, 46 N. W. 182.) The allegations at paragraph 4 of the complaint being expressly admitted at paragraph 4 of the answer, none of the defendants could question the validity of the claim sued upon. The claim having been allowed by the assignee, such allowance binds the bondsmen. An assignee, in the allowance of a claim, acts judicially. (*Krider v. Coley,* 7 Kan. App. 349, 51 Pac. 919.)

HUSTON, J.—This is an action upon the bond of an assignee in bankruptcy. The record presented in this court contains the pleadings in the case (consisting of the complaint, demurrer to complaint, the answer, demurrer to answer, notice of motion, and motion to strike out portions of the answer, and the rulings of the court thereon), the findings of fact and conclusions of law by the court, the decree, a bill of exceptions, notice of appeal, and what is designated in the record as an "Enumeration of Original Papers."

The bill of exceptions contains simply the motion of plaintiff to strike out a portion of the answer, the ruling of the court sustaining the same, and the defendants' exception thereto. Appellants have also presented the court with a bundle of papers, purporting to be the files and copies of the record in the bankruptcy proceedings in which the principal defendant L. D. Martin was appointed assignee, and the bond sued on was given. It seems by the record that the attorneys in the case stipulated that these papers "may be omitted from the printed transcript on appeal, and the parties hereto agree that the said records and files, as the same are now in the above court, may be used upon the hearing of said appeal." In making stipulations, counsel should not be unmindful of the rules prescribed by the court. Our rules require transcripts to be printed. We cannot consent to go into an examination of the files and records of a bankruptcy proceeding which was pending in the district court for several years, when the same, or such portions thereof as are essential to a proper presentation of the case, are not incorporated in the printed transcript. We think, however, that we can properly dispose of this case from a consideration of the printed transcript. The court finds that the said L. D. Martin has failed and neglected to account for the assets of said estate which came into his hands as such assignee; that there came into the hands of said assignee, as appears by the invoice of the assets of said bankrupt estate, property of the appraised value of $2,005; that the whole amount accounted for by said L. D. Martin as assignee was $857.37; that the total amount of claims presented against said estate was the sum of $624.32, or thereabouts; that no dividends were ever paid by said assignee to any of the creditors. These findings are based upon the evidence presented to the court, and, in the absence of any showing to the contrary, will be deemed correct. It is admitted by defendants that there came to the hands of said assignee, as such, assets of said bankrupt's estate to the amount of $2,005. It is further admitted by the defendants that no dividend has ever been paid to the creditors of said estate. These facts, found by the court and admitted by the defendants, would seem to be sufficient to establish the liability of the defendants.

Counsel for appellants make five assignments of error. The first is that the complaint does not state facts sufficient to constitute a cause of action. The complaint contains a concise statement of the proceedings in bankruptcy leading up to and constituting the alleged breach of the conditions of the bond. This error is not well laid.

The second error assigned is in sustaining the demurrer to defendants' answer, and the third assignment is in striking out a portion of the answer. There was no error either in sustaining the demurrer, or in allowing the motion to strike out. The answer admitted enough to entitle the plaintiff to judgment. The denials were mostly upon information and belief. To designate an answer as sham and frivolous which is made up of denials, upon information and belief, of matters entirely of record in a proceeding in which the defendant was a principal party, is emulative of the roaring of Nick Bottom. The defendant must of necessity have been conversant with all the proceedings in bankruptcy, and for him to deny under oath any knowledge of them is not calculated to inspire the court with that unfaltering trust which it is always desirable courts should have in the statements in pleadings prepared by counsel.

There is nothing in the fourth and fifth assignments of error. The fourth is to the entering of judgment against defendants, and the fifth is to the receiving in evidence of the papers (files and record) in the bankruptcy proceedings. We find no error in the action of the court in either instance. The points made in the defendants' brief do not seem to have any particular relation to the assignments of error, but we think it unnecessary to discuss them in detail. As to the action of the district court in the bankruptcy proceedings, it is sufficient to say that such action is not here for review, nor could it be reviewable in this case. Judgment of the district court is affirmed, with costs to respondent.

Sullivan, C. J., and Quarles, J., concur.

## ON REHEARING.

(December 7, 1898.)

SULLIVAN, C. J.—A petition for rehearing has been filed in this case by counsel for appellant, based on two grounds: 1. That the court misapprehended the facts; and 2. That the court is mistaken in the law as applied to the actual facts. The court understands the facts as set forth in the transcript, and has correctly applied the law applicable to those facts. The inventory value of the property placed in the hands of the assignee was $2,005. He failed to file any account of his management of said insolvent estate until the court compelled him to, on the application of some of the creditors. He then filed what he terms his "final account." Objection was made thereto by some of the creditors, and sustained by the court. Thereafter he filed an amended final account. That was objected to, and objection sustained by the court. And thereafter he filed a second amended final account, which was objected to, and objection sustained by the court. And thereafter he filed his supplemental final account, which was objected to, and objection sustained by the court. We have examined said accounts, and think the court committed no error in refusing to settle them. Section 5901 of the Revised Statutes provides that upon the assignee filing his final account, the court must settle the same. Neither of the accounts filed was such as is contemplated by said section. The assignee is required to account strictly for the trust properties. It is shown that the merchandise, liquors, bar fixtures, etc., were valued in the inventory at $2,005; that $983.55 thereof was accounted for, "item by item"; and it is shown that the assignee received therefor $493. Deducting the invoice price of the items so accounted for from the total invoice or appraised value would leave in his hands goods appraised at $1,011.45, from which he claims to have realized $364.38, or sufficient to make his total cash receipts $857.38. He has failed and refused to account for the said balance of said stock so appraised at $1,011.45, as required by law. He simply reports that he has realized therefrom $364.38, and that he is unable to account,

giving the items—where sold, to whom sold, and the price received for each; $364.38 deducted from the $1,011.45 would leave in his hands, unaccounted for, $637.07 of said assets, which is amply sufficient to pay the judgment in this case, without taking into consideration the balance of the $857.38 cash received by the assignee after deducting the claims that the court has ordered paid therefrom. It is shown that an estate valued at $2,005 came into the hands of the assignee, with claims against it amounting to but $624.35, and the entire assets were absorbed in the payment of costs and assignee's and attorney's fees, except $18.67, which the assignee attempts to turn in to court, and asks to have sufficient thereof applied in payment of the amount due the officers of Latah county. An assignee cannot dispose of the assets or cash which he receives as he may think best. His only safety is in making no sales except such as are authorized by the court, and in paying no claims except as directed by the court. While it is true he reports that he had sold said $1,011.45 worth of property, it is also true that, after demand therefor by the creditors, he has neglected to file an itemized report of the sale of said property—when sold, and to whom sold, and the price received for such items. The creditors have a right to know what becomes of each piece of property placed in the assignee's hands, and it is his duty to keep an accurate account of his dealings with the trust property. (*Hooper v. Winston,* 24 Ill. 354.) In case he fails to do so, every presumption is against him. If the assignee was not satisfied with the action of the court in refusing to settle his final account, or what he presented as his final account, he had his remedy. However much this court may deplore the hardship that may come to the sureties of the assignee because of his management of this estate, we are fully satisfied with the opinion in this case, and the petition for a rehearing is denied.

Huston and Quarles, JJ., concur.