(February 19, 1901.)

# FIRST NATIONAL BANK OF HAILEY v. WATT.

### [64 Pac. 223.]

PLEADING—ANSWER—DEMURRER.—In pleading the existence of a record in courts of general jurisdiction, the allegations must be certain and specific, it being insufficient to allege the same upon information and belief.

SAME—UNCERTAINTY.—The defenses set forth in an answer must be stated with sufficient certainty to enable the plaintiff to ascertain the facts which the defendant will attempt to prove at the trial.

SURETY—RELEASE OF SURETY.—The release of security for a certain debt, held by the creditor, releases a surety obligated for such debt, to the extent of the value of the security so released, where the creditor releases such security without the consent, express or implied, of the surety.

SEVERAL OBLIGATIONS—T. was indebted to plaintiff, and gave a joint note for the debt signed by himself and by W. and B. as sureties; afterward W. and B. gave a note for the same debt, and T. gave another note for the same with P. as surety; thereafter the plaintiff sued T. and P. upon their note and obtained judgment; failing to collect, plaintiff sued W. and B. upon their note. *Held,* that the former action did not bar the latter, as the execution of the latter notes severed the obligation of the sureties, W. and B. from that of the principal debtor.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Dietrich, Chalmers & Stevens, for Appellant.

The maker upon the face of a promissory note, with whatever motive or purpose he may have signed it, is bound by the contract which he signed, according to the legal effect and meaning of the words. He cannot vary that meaning by parol. (*Aud v. Magruder,* 10 Cal. 282.)  Such maker is a principal. (*Shriver v. Lovejoy,* 32 Cal. 575; *Donan v. Pardow,* 34 Cal. 280.)  It would be strange if one could not waive his right to be treated as surety, and agree that he should be bound as upon his unconditional promise. (*Harlan v. Ely,* 55 Cal. 340;

*California Nat. Bank v. McGinty,* 108 Cal. 148, 41 Pac. 38.)
It is very doubtful whether even as between the bank and True,
the release or receipt given by Buller, president of the bank,
was competent. (Abbott's Trial Evidence, p. 520, par. 36,
p. 633, par. 202.) If competent at all, it would be by reason
of some feature of the law of estoppel. But as to Watt, there
could be no element of estoppel. Watt did not act upon it,
was misled by it, parted with nothing for it. (*Boggs v. Mer-
ced* 14 Cal. 366; *Davis v. Davis,* 26 Cal. 41, 85 Am. Dec. 15;
*Shaufe v. Griffiths,* 4 Wash. 161, 31 Am. St. Rep. 910, 30 Pac.
93.) No other cause of action than the one sued on can
merge in the judgment. Hence the successful prosecution of
one action, on the original debt, will not impair the right to
proceed on the security. (Freeman on Judgments, 3d ed., sec
229; 2 Black on Judgments, sec. 774.) The principal is as
well settled as anything can be that the taking of a new note
does not discharge the old one unless it is expressly agreed
that it should do so. Nothing is payment except money, or
something else accepted as such. (2 Daniels on Negotiable
Instruments, sec. 1266; *Jagger Iron Co. v. Wallin,* 76 N. Y.
526; *Cole v. Sackett,* 1 Hill, 516; *Elwood v. Diedevdorf,* 5
Barb. 398; *Winstead Bank v. Webb,* 39 N. Y. 325; *Davis v.
Amable,* 2 Hill, 339; *Hawks v. Hinchcliff,* 17 Barb. 492; *Corn
Exchange v. Babcock,* 57 Barb. 231.)

Lyttleton Price, for Respondent.

The subject of suretyship is best considered and discussed
by the courts in dealing with the principle involved in its
application to the statute of frauds. The principle as stated
above has been affirmed in innumerable decisions; those of
highest authority are: *Leonard v. Vredenburgh,* 8 Johns, 29,
5 Am. Dec. 317; *Nelson v. Boynton,* 3 Met. 396, 400, 37 Am.
Dec. 148; *De Wolf v. Rabaud,* 1 Pet. 476; *Mallory v. Gillett,*
21 N. Y. 412; *Farley v. Cleveland,* 4 Cow. 432, 439, 15 Am.
Dec. 387; *Meech v. Smith,* 7 Wend. 315; *Roe v. Barker,* 82 N.
Y. 436; *Ames v. Foster,* 106 Mass. 400, 8 Am. Rep. 343;
*Smith v. Freyler,* 4 Mont. 492, 47 Am. Rep. 358; 1 Pac. 214;
*Stovall v. Adair,* 9 Okla. 620, 60 Pac. 282, and cases there

cited. Respondent was released as surety by appellant's election in accepting and putting into judgment the note of True and Pettit. If True's assent could not be established in an action by Watt against him, then Watt is not bound here. (*Snider v. Greathouse,* 16 Ark. 72, 63 Am. Dec. 56; *Ward v. Henry,* 5 Conn. 595, 13 Am. Dec. 119, and note.) All notes are joint notes in terms. (*Barnett v. Juday,* 38 Ind. 86; *Humphreys v. Guillow,* 13 N. H. 385, 38 Am. Dec. 499; *Yorks v. Peck,* 14 Barb. (N. Y.) 644; *Hunt v. Adams,* 5 Mass. 358, 4 Am. Dec. 68; Story's Promissory Notes, par. 57; *Childs v. Wyman,* 44 Me. 433; *Riley v. Gerrish,* 9 Cush. 104; *Carr v. Rowland,* 14 Tex. 275; *Schneider v. Schiffman,* 20 Mo. 571.) A creditor who acquires a lien on the property of his debtor as security for his debt is a trustee for the surety; and if by his willful act the lien is lost the surety is discharged, and the burden of proof is on the creditor to show that the surety was not injured thereby. (*Allen v. O'Donald,* 23 Fed. 573; *Rawson v. Gregory,* 59 Ga. 733; *First Nat. Bank v. Rogers,* 13 Minn. 407, 97 Am. Dec. 239; *Mulford v. Estudillo,* 23 Cal. 94, approved in *Day v. Ramey,* 40 Ohio, St. 449; *Hyde v. Rogers,* 59 Wis. 160, 17 N. W. 127.) If judgment is taken against one of the joint obligors, this discharges all of the joint obligors from all suits by the same plaintiff. (*Barnett v. Juday, supra;* Freeman on Judgments, par. 227a.) Wherever several are jointly liable, by taking judgment against one, the creditor merges the cause of action as to that one, and puts it out of his power to maintain any further suit either against the others severally, or against all combined. (Freeman on Judgments, par. 231, 232; *Mason v. Eldred,* 6 Wall. 231, denying *Sheehy v. Mandeville,* 6 Cranch, 253; *Sessions v. Johnson,* 95 U. S. 347, 24 L. ed. 596; *Ferrall v. Bradford,* 2 Fla. 508, 50 Am. Dec. 293; *Robertson v. Smith,* 18 Johns. 477, 9 Am. Dec. 227; *Smith v. Black,* 9 Serg. & R. 142, 11 Am. Dec. 686; *Lauer v. Bandow,* 48 Wis. 638, 4 N. W. 774; *Suydam v. Barber,* 18 N. Y. 468, 75 Am. Dec. 254; *Smith & Osborne v. Kibbe,* 31 Hun, 391; *Candee v. Smith,* 93 N. Y. 352; *Shuman v. Strauss,* 52 N. Y. 407.)

QUARLES, C. J.—Prior to December, 1893, one E. B. True, purchased an undivided interest in some mining property from one A. T. Huffaker, paying part cash therefor, and executed one or more notes for the balance of the purchase price. Upon these notes one W. H. Pettit was surety. Thereafter suit was brought upon the last of these notes, it being overdue and unpaid; and certain property in the town of Hailey, owned by said True, was attached to secure the said debt to the said Huffaker. Thereafter, and to satisfy the debt sued upon, and to secure the release of the attachment upon the Hailey property, an arrangement was made between the parties whereby said True executed to the plaintiff bank a note for the sum of $1,000, dated December 22, 1893, due November 1, 1894, which note was also executed by the defendants, W. H. Watt and G. V. Bryan, as sureties. Upon the maturity of this note, the same being unpaid, the said defendants executed a new note to the plaintiff, dated November 1, 1894, for the sum of $1,085.80, due ninety days after date. This note was not signed by the principal debtor, the said True. On May 1, 1895, the last-named note being unpaid, a new note was executed to the plaintiff by said defendants, W. H. Watt and G. V. Bryan, for the principal and interest then due, namely, $1,150.90, due ninety days after date, drawing interest at one and one-half per cent per month, after date, until paid; the same being the note sued upon in this action. The defendant Watt at the date of the execution of this last-named note was dissatisfied, and complained that the note was not executed by the principal debtor, the said True. Another note for the same amount and for the same debt was drawn and sent by mail by the plaintiff to the said True, the principal debtor, at Warrens, in Idaho county, who signed said note and forwarded it to the said W. H. Pettit, who also signed it and sent it to the plaintiff. After the maturity of both of these notes, which were for the same debt, the plaintiff commenced an action in the district court in and for Blaine county against said True and W. H. Pettit to recover upon the note last executed by them. In this action an attachment was issued and levied upon certain interests in some mining property owned by the

defendant True, in Idaho county. This action proceeded to judgment, and the defendant True made no defense thereto. On the thirtieth day of September, 1896, this last-named attachment, and levy thereof upon said interest in said mining property, was released by the plaintiff by writing, which, after entitling court and cause, is as follows: "In consideration of the assignment to the said bank, as collateral security for the debt sued on herein, of five thousand two hundred and fifty shares of the capital stock of the Secesh Mining Company—being all of the interest represented to be owned by the said True in the Secesh placer mining claims near Warrens, Idaho—the attachment heretofore levied upon the interest of the said E. B. True, therein is hereby released. Dated this thirtieth day of September, 1896. R. F. Buller, Attorney for Plaintiff." To the complaint in this action the defendant answered. The plaintiff demurred to said answer upon different grounds. The demurrer was sustained by the court. By leave of court the defendants amended their answer, which, after amendment, is as follows: "Defendant Watt admits the signing and delivery of the said note alleged in the complaint jointly with the other defendant named therein, but denies that there was ever any consideration paid to him or received by him, or paid to or received by the defendant Bryan, therefor, but avers that the said promissory note was without any consideration whatsoever. Said defendant, further answering the complaint herein, alleges that the debt which the said promissory note represented, was the debt of one W. H. Pettit and one E. B. True, and that, as this defendant is informed and believes, it was evidenced by their obligation in writing, which has since been fully discharged and liquidated; and, upon information and belief, this defendant alleges the fact so to be. This defendant, further answering the complaint herein, alleges that he is informed and believes, and so avers the fact to be, that the said obligation of said Pettit and True is now in judgment against them, and that such judgment is good and may be collected. Further answering, this defendant avers the fact to be that certain property of the defendant True was attached by the plaintiff in proceedings to collect said debt from him,

and that plaintiff voluntarily, at the instance and request of the said True, released and discharged the said attachment, and by reason thereof failed to collect said debt from said True; that the said property attached by the plaintiff in its said action against said True was a large, undivided interest belonging to said True in certain placer mining ground in the county of Idaho, state of Idaho, known as the 'Secesh Placer Mines.' And the said Watt is informed and believes, and, upon such information and belief, avers the facts to be, that the said bank might and could have collected the said debt by enforcing its said attachment against said property." To the answer as amended the defendant filed the following demurrer: "Comes now the plaintiff, and demurs to the answer of defendant Watt on the following grounds, to wit: 1. Said answer is uncertain in the following particulars, to wit: (1) It does not clearly appear whether or not the said note was without consideration passing to anybody, or only without consideration passing to the defendants, or one of them. (2) It does not clearly appear whether it is intended to allege that 'the debt which said promissory note represented,' or the written evidence thereof signed by Pettit and True, as alleged, was discharged or liquidated before or after the execution and delivery of the note herein sued upon. (3) Nor does it clearly appear when or where, or in what manner, or by reason of what, or by whom said indebtedness or said written obligations, or any of them, was discharged or liquidated or paid. (4) It does not appear when or where, or in what court, or in whose favor the alleged obligation of True and Pettit was put into judgment, or whether said judgment is alive. (5) It does not appear how said judgment is good or may be collected, or that either of the alleged judgment debtors is solvent, or has any property subject to execution, or any property at all within the reach of the process of the court in which said alleged judgment may have an existence. (6) It is wholly uncertain when or where or out of what court 'certain property' of the 'defendant' True was attached by plaintiff, or what the nature or location of said property was, or of what value, if any, it was, or how the defendant was injured by the release thereof, and to

what extent, or whether said release was before or after the execution of the note herein sued upon, or whether said release was without the knowledge or consent of defendant. 2. Said answer fails to state facts sufficient to constitute a defense, or part of a defense. 3. That part of the answer contained in the first paragraph thereof fails to state facts sufficient to constitute any part of a defense to plaintiff's claim or complaint. 4. The second paragraph fails to state a defense, or part of a defense. 5. That portion of the third paragraph relating to the existence of a judgment fails to state any defense, or part of a defense. 6. That part of the third paragraph relating to an attachment and its release fails to state any part of a defense." The demurrer to the answer as amended was overruled, the cause tried before the court and a jury, and a verdict rendered in favor of the defendant. The plaintiff moved for a new trial, which being denied, the plaintiff appeals for the order denying a new trial, and from the judgment.

The first error assigned by the appellant is that the court erred in overruling the demurrer of plaintiff to the answer as amended. This assignment of error is well taken. The answer failed to show that the security secured by the plaintiff by levy of its attachment in its suit against True and Pettit was of any value. Consequently it failed to show that the defendants here, as surety, suffered any loss by reason of the release of said attachment. Said answer was not specifically certain, in this: that it failed to allege that the release of said attachment was not made by or with the consent of the defendant. Said answer was also defective in this: that it alleged, upon information and belief, that the note signed by Pettit and True had proceeded to judgment. This is not a good allegation. Matters of record in the courts of general jurisdiction in this state are within the reach of all litigants, and the fact of the existence of such record must be specific and certain, and not based upon information and belief. Said answer was defective in this: that, in attempting to plead a satisfaction of the debt evidenced by said True and Pettit, it avers that said obligation "has since been fully discharged and liquidated," which is too uncertain and too much in the nature

of the statement of a conclusion to be sufficient.   For these reasons, the demurrer should have been sustained.

We have carefully considered all of the evidence introduced at the trial.   The plaintiff never waived its objections to the sufficiency of the answer of the defendant raised by its demurrer.   It objected to the introduction of any evidence under the answer on the ground that said answer was not sufficient, and failed to state a defense.

On behalf of the respondents it is contended that the first note executed by True, Watt and Bryan, to the plaintiff being a joint obligation, such relation continued as between the parties.   Respondent contends that the plaintiff, by electing to sue upon the note executed to it May 1, 1895, by True and Pettit, and by taking a judgment in said action upon said note, has, in law, released the defendants in this action.   We cannot agree with this contention.   An inspection of the note sued upon in this action shows that it is in form joint, not joint and several, as to the defendants, Watt and Bryan.   This being true, the mere fact that the principal debtor executes one note for the same debt, and his sureties execute another note for the same debt, sufficiently shows that, as between the defendants in this case, their obligations to plaintiff are joint, but, so far as the principal debtor is concerned, their obligation is several, or distinct from his.   It is undoubtedly true that the relation of principal and surety continues as between True and the defendants Watt and Bryan after the execution of the last two notes above described.   We are constrained to hold that the action of the bank in suing True and Pettit upon their note before described, and in obtaining judgment thereon, did not release the defendants in this action from their obligation upon the note sued on here.   It is true that the bank cannot collect both notes.   This would be collecting the same debt twice.   It would be a sufficient defense in this case for the defendants to plead and prove that the bank has collected this debt from said True and Pettit, or either of them.

Respondents also contend that the release of the attachment by the plaintiff upon the mining property owned by said True was a release of the defendants, they being sureties of

said True. If such release was made by the plaintiff without the consent of said defendants, either express or implied, such release of that attachment would release the defendants from their liability to the bank to the extent of the value of the security acquired by the bank by reason of such attachment, but to that extent only. To take advantage of such defense, the defendants must plead the facts in plain and concise language, and in such manner as would notify the plaintiff, in advance of the trial, as to what facts the defendant would attempt to prove as a defense at the trial.

Many questions are presented in the record and in the assignment of errrors made by the appellant, but, in our opinion, what we have said herein is sufficient to a correct determination of this action, without reviewing in detail all of the specifications of error made by the appellant. The order denying a new trial and the judgment appealed from are both reversed, and the cause remanded to the district court, with instructions to sustain the demurrer of the plaintiff to the answer of the defendant as amended, and to permit the defendant, if he so desires to do, to amend his answer, and for further proceedings consistent with the views herein expressed.

Sullivan, J., concurs.

Stockslager, J., took no part in the decision of this case.