Points Decided.

---

(April 16, 1909.)

## L. T. DITTEMORE, Trustee of the Estate of J. H. DANNER, a Bankrupt, Respondent, v. CABLE MILLING COMPANY, Appellant.

### [101 Pac. 593.]

PLEADING—ANSWER ON INFORMATION—RECORDS OF REFEREE IN BANKRUPTCY—CONVERSION—WAIVER OF TORT BY TRUSTEE—PETITION IN BANKRUPTCY CAVEAT TO ALL PERSONS.

1. Where a plaintiff alleges in general terms that he is "the duly appointed, qualified and acting trustee" of the estate of a bankrupt, and in like general terms alleges the filing of the petition in bankruptcy, and the adjudication in bankruptcy, denials by one in no way a party to that proceeding of such allegations for want of information on the subject are sufficient and should not be stricken out.

2. The rule prohibiting denials on information of matters of record should not be extended to the length of requiring a defendant to inform himself as to the files and records of referees in bankruptcy in the federal courts and bankruptcy courts generally, wherein the proceedings are chiefly had before a referee, to which proceeding the defendant was not a party, nor should it be extended to the records and files of boards and departments of government in matters to which the pleader has not been a party in any respect.

3. Where a trustee in bankruptcy sues for the value of property belonging to the bankrupt estate that has been wrongfully converted, he may waive the tort and sue in *assumpsit*. In such case the trustee is the legal representative of the bankrupt and of his estate, and a waiver of the tort by the trustee is a waiver on the part of the estate, and effectually protects the tort-feasor from a subsequent action for the tort.

4. The filing of a petition in bankruptcy is notice to the world of the pendency of the proceedings, and operates as an attachment of the bankrupt's property and also as an injunction restraining all persons from intermeddling therewith. One who subsequently seizes the property on attachment or execution is liable in tort or *assumpsit* for the goods or value thereof.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for the County of Kootenai.   Hon. William W. Woods, Judge.

Action in *assumpsit* by a trustee in bankruptcy for the amount received by the defendant from the wrongful sale of property of the bankrupt estate.   Judgment for plaintiff and defendant appealed. *Reversed.*

Edwin McBee, for Appellant.

If it is claimed this action is brought under sec. 67, subd. F of the bankruptcy act, then it plainly appears that the sheriff and not the Cable Milling Co. is the proper party. (*Ryan v. Rogers,* 12 Ida. 404, 86 Pac. 524; *Ryan v. Rogers,* 14 Ida. 309, 94 Pac. 430.)

John M. Flynn, for Respondent.

Title to a bankrupt's property passes to the trustee from the moment when the petition of bankruptcy is filed in voluntary proceedings.   (*State Bank of Chicago v. Cox,* 143 Fed. 91, 74 C. C. A. 285; *In re Smith, Longbottom & Sons,* 142 Fed. 291; *Goodnough Mercantile Co. v. Galloway,* 48 Or. 239, 84 Pac. 1049; *In re Kenney,* 95 Fed. 427.)   Upholding the right of the trustee to claim the proceeds of execution sales in cases similar to the one at bar are the following cases: *In re Franks,* 95 Fed. 635; *Clarke v. Larremore,* 188 U. S. 486, 23 Sup. Ct. 363, 47 L. ed. 555.

The filing of a petition in bankruptcy is notice to the world of the pendency of the proceeding and in effect an attachment of the bankrupt's property, and is an injunction against all persons, prohibiting them from intermeddling with it.   (*In re Mertens,* 131 Fed. 507; *In re Breslauer,* 121 Fed. 910; *In re Beede,* 126 Fed. 853; *In re Antigo Screen Door Co.,* 123 Fed. 249, 59 C. C. A. 248; *Logan v. Nebraska Moline Plow Co.,* 3 Neb. (Unofficial) 526, 93 N. W. 1128; *Ryan v. Rogers,* 14 Ida. 309, 94 Pac. 427.)

The trial court properly struck out those portions of the answer denying on information and belief the filing of the voluntary petition in bankruptcy, the adjudication in bankruptcy and the fact that plaintiff was the duly appointed, qualified and acting trustee of the estate of the bankrupt. (*Simpson v. Remington*, 6 Ida. 681, 59 Pac. 360; *First Nat. Bank v. Martin*, 6 Ida. 204, 55 Pac. 302; *First Nat. Bank v. Watt*, 7 Ida. 510, 64 Pac. 223.)

AILSHIE, J.—This action was commenced by the plaintiff as trustee of the estate of one J. H. Danner, a bankrupt. The action was brought for the purpose of recovering a judgment against the defendant for the sum received for certain merchandise sold under writ of execution. It is alleged that the defendant procured two judgments in the justice's court against Danner, and filed abstracts of such judgments with the clerk of the district court on June 13, 1906, and caused writs of execution to issue out of the district court on both judgments. Under and by virtue of these executions, the sheriff levied on certain merchandise belonging to Danner, and on June 20th, sold the same at execution sale. The amount realized from the sales was $421.64. The trustee sued the defendant and appellant herein for money had and received in the amount received by it upon these execution sales. The plaintiff recovered judgment and defendant has appealed.

The first question presented for consideration is as to the sufficiency of the complaint. Paragraphs 2, 3 and 4 of the complaint are as follows:

"2. That plaintiff is the duly appointed, qualified and acting trustee of the estate of J. H. Danner, a bankrupt.

"3. That said J. H. Danner filed his voluntary petition in bankruptcy in the United States district court of the district of Idaho, northern division, on the 11th day of June, 1906.

"4. That thereafter and on the 26th day of June, 1906, said J. H. Danner was duly adjudicated a bankrupt by said court."

The foregoing is the only mention contained in the complaint of the adjudication in bankruptcy, and of the appoint-

ment or authority of the plaintiff to maintain this action as the legal representative of the alleged bankrupt. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. It is alleged that paragraphs 2, 3 and 4 of the complaint as above set out are not sufficient to show the authority of the trustee to maintain the action. It must be conceded that the allegations are very general and meager, and consist principally in conclusions of law. We think, however, they were not properly reached by general demurrer. They are sufficient to support a judgment. (*West v. Johnson,* 15 Ida. 681, 99 Pac. 709; *Aulbach v. Dahler,* 4 Ida. 654, 43 Pac. 322; *Hollister v. State,* 9 Ida. 659, 77 Pac. 339.)

It is further argued that the complaint is insufficient, in that it alleges the amount received by the sheriff under each execution, but does not show the amount deducted by the officer as his fees and the net sum received by the defendant. The complaint does allege the specific amount received by the officer from the sale on each execution, and that allegation is immediately followed by a paragraph in this language: "That the proceeds of said sale were paid by said sheriff to said defendant." The "proceeds" must necessarily mean all that was received from the sale; otherwise it would have said "net proceeds," or some other and similar expression. The word *"proceeds"* is the synonym for *product, income, yield, receipts, returns.* We think only one conclusion can reasonably be drawn from this allegation, and that is that the defendant herein received the entire sum for which the goods sold, amounting in all, from both sales, to the sum of $421.64. It is not out of place to observe here that if litigants do not understand the meaning of such allegations and feel that they may be deceived or misled by them, or that they are ambiguous or uncertain, they are given ample remedy by the statute, through special demurrers, to reach such uncertainties and ambiguities and thereby require the pleader to be more specific definite and certain.

The defendant further demurred to the complaint on the ground of a misjoinder of parties defendant, in that the sheriff of the county who made the levy and sale had not been

made a party defendant. That was not necessary, The action was not one for conversion, but was an action in *assumpsit.* The plaintiff waived the tort and sued as if upon contract. The action was not instituted for the reasonable or market value of property sold, but for the sum actually received by the defendant. The defendant was treated by this complaint as one who has received a certain specific amount of money for the use and benefit of the plaintiff. In such case the sheriff was not a necessary party defendant. After defendant's demurrer was overruled, it answered, and alleged that it had no knowledge or information as to whether or not Danner had ever filed a petition in bankruptcy or had ever been adjudged a bankrupt, and that it had no knowledge or information as to whether the plaintiff had ever been appointed, elected or qualified as trustee of the bankrupt estate. It admitted obtaining the judgments against Danner, and the issuance of the executions and sale of the property as alleged in the complaint, but denied any indebtedness. Defendant further pleaded that it had no knowledge or information at the time of the issuance of the execution and sale of the property that Danner had been adjudged a bankrupt, and alleged that the proceedings were had in good faith and without any purpose of obtaining any preference, etc.

The plaintiff moved to strike out the answer to paragraphs 2, 3 and 4 on the ground that they were made on information and belief, and that denials of matters of record could not be made in that manner. Plaintiff also moved for judgment on the pleadings. The court granted the motions and entered judgment in favor of the plaintiff as prayed for in the complaint.

The question presented here is whether a denial on information and belief is a sufficient denial of such allegations as 2, 3 and 4 above set forth. We are convinced that there are two reasons why this answer should have been allowed to stand. First, the allegations of the complaint were general and merely conclusions of law, and did not pretend to point out when or where the plaintiff was elected or appointed trustee, nor did it designate where the petition in bankruptcy

and the order of adjudication might be found, whether they were in fact on file with the clerk of the United States district court, or with a referee in bankruptcy. If with the latter, there is no specification or designation as to the particular referee in bankruptcy or where his office might be found. In the second place, we do not think that the rule prohibiting denials on information should be extended to the length of requiring a defendant in a state court to inform himself as to the files and records in federal courts in cases to which he was not a party, and especially in matters heard and passed upon chiefly, if not wholly, by a referee, where the records and files are usually in custody of the referee. (Loveland on Bankruptcy, 3d ed., sec. 29.) The rule originated on the theory that a litigant is bound to know the record and proceedings had in a case to which he was a party, and that he is bound to take notice of the records of a recording office within his county that is designated by law as the depository of the public records of his county. This rule, however, should not be carried to the extent of placing the burden upon a defendant to chase all over the country hunting up the records and files of referees, boards and departments of government in matters to which he has not been personally a party.

In *People v. Curtis*, 1 Ida. 756, the territorial court held that a party should not be presumed to know the contents of the records of the proceedings of a board of county commissioners. It was held in *Mower v. Stickney*, 5 Minn. 397 (Gil. 321), and *Zivi v. Einstein*, 21 N. Y. Supp. 583, that a person not a party to the action might deny any knowledge or information concerning the same or any judgment entered therein.

It was also held in *Wittmann v. Watry*, 37 Wis. 238, that a party might deny the grant of letters of administration on information and belief. Respondent relies solely upon three Idaho cases: *First Nat. Bank v. Martin*, 6 Ida. 204, 55 Pac. 302; *Simpson v. Remington*, 6 Ida. 681, 59 Pac. 360; *First Nat. Bank v. Watt*, 7 Ida. 510, 64 Pac. 223. These cases all hold that matters of public record cannot be

denied on information and belief, but none of them go to the extent claimed here. In *Bank v. Martin* the court held that "an answer which contains denials on information and belief of matters which are entirely made up of the files and records in a case in which the defendant was a principal party is properly stricken out as sham and frivolous." There, it will be observed, the party undertook to deny matters of record to which he had been a party.

*Simpson v. Remington* was an action supplemental to execution, and the court held that the defendant would not be allowed to deny on information and belief an allegation that the execution had been returned *nulla bona.* This execution had issued from a district court, and was a matter of record in the action to which the proceedings were supplementary.

In *First Nat. Bank v. Watt,* the defendant attempted to plead on information and belief that a certain judgment had been entered. The court held that if he wanted to plead a judgment he must inform himself and plead it positively. This is eminently correct, as the party who asserts a matter to be of record ought not to be allowed to do so at random. The pleader who affirms a certain fact is the one who ought to be required to furnish the specific facts. He should not, as a general rule, be allowed to shift that burden by making general allegations in the nature of conclusions of law, and thereby shift the burden and responsibility onto his adversary. Defendant's denials of information as to the adjudication of insolvency and the allegation of appointment of plaintiff as trustee were sufficient and should have been allowed to stand as an answer in the case. It is also worthy of observation in this case that the defendant, while admitting the sale and receipt of the money, denied any indebtedness. That, too, involved an issue, because, although it had received the money, it might have been paid over to the bankrupt before the appointment of a trustee, or to some duly constituted authority under the bankruptcy law.

For the foregoing reason, the judgment in this case must be reversed. Since, however, other questions essential to

the determination of the case on its merits are raised on this appeal, it becomes our duty to consider and pass upon them, in order that the case may be finally disposed of when it goes back for a new trial.

It is argued by appellant that this action cannot be maintained by the trustee in bankruptcy for the reason that he has no authority to waive the tort and sue as if on contract. In support of this counsel cites: *Lewis v. Dubose & Co.,* 29 Ala. 219, and *Blackshear v. Burke,* 74 Ala. 239. In the first of these cases, the Alabama court held that a creditor who was pursuing the property of his debtor which had been wrongfully converted by another, could not waive the tort and maintain an action in *assumpsit.* This was based upon the fact that the creditor is not the legal representative of and subrogated to all the rights of the debtor, and that if the creditor were allowed to waive the tort and sue in *assumpsit,* still the debtor might pursue the wrongdoer and elect to sue upon the tort. The court said:

"But because the owners of the property wrongfully sold might maintain an action of assumpsit to recover the proceeds of the sale, it does not follow that the money can be attached by the creditors. The creditors have no right to waive the tort, or to surrender the right to recover back the property, or to release the damages against the tort-feasor. Those are rights which appertain to the owner of the property alone, and his creditors cannot defeat them by bringing a garnishment proceeding against him who may have the funds arising from the sale of the property. (*Lundie v. Bradford,* 26 Ala. 512.) Until the owner of the property has made his election to sue for the money, which may be done by bringing an action for it, the person having the money cannot, in any just sense, be deemed his debtor. To allow the money to be taken in attachment might be productive of confusion and wrong. It could not prevent the owners of the property from suing for its recovery, or for the damages, and would yet concede to them the benefit of the appropriation of the money to the payment of their debts, and leave the clerk who received the money without

the means of reimbursing the person against whom an action might be brought.''

The case of *Blackshear v. Burke* is to the same effect, and cites and approves the case of *Lewis v. Dubose & Co.* A different condition exists, however, in a case like the one at bar. Here the trustee in bankruptcy represents the bankrupt himself and stands in his place and stead. The action must be maintained by the trustee, or if prosecuted by the bankrupt, it must be by permission and order of the court of bankruptcy, and then for the use and benefit of the trustee. An election to waive the tort by the trustee in bankruptcy is a waiver by and on the part of the estate and of the bankrupt himself. Our attention has not been called to any bankruptcy case where this identical question appears to have been raised. But the practice pursued in this case is the same as has been pursued in other cases in bankruptcy and which have at least received the tacit approval of the court.

In *State Bank of Chicago v. Cox,* 143 Fed. 91, 74 C. C. A. 285, the trustee waived the tort and sued in *assumpsit.* His right to do so was recognized, although it does not appear to have been directly questioned. We have no doubt of the right of the trustee in bankruptcy to waive the tort where property has been wrongfully converted and sue as in *assumpsit.*

It is further contended by appellant that under the provisions of subd. b, sec. 60 of the bankruptcy act, the plaintiff was not entitled to recover unless he was able to establish that defendant ''had reasonable cause to believe'' that the levy of the execution and sale of the property would amount to a preference. We do not consider that contention well taken. That provision of the bankruptcy act has reference to sales and compromises and transactions taking place between the bankrupt and persons to whom the bankrupt is endeavoring to grant a preference, and does not refer to such proceedings as this where the property is seized by legal process subsequent to the filing of the petition in bankruptcy. In *Ryan v. Rogers,* 14 Ida. 309, 94 Pac. 427,

this court, following *In re Rodgers,* 125 Fed. 169, 60 C. C. A. 567, held that "the filing of a petition in bankruptcy, followed by an adjudication, is a seizure of the property by law which is equal in rank to seizure on attachment or execution." All the authorities sustain and uphold that construction of the law. The Rodgers case was cited and expressly approved in *State Bank of Chicago v. Cox,* 143 Fed. 93, 74 C. C. A. 285. The same view is maintained in *Clark v. Larremore,* 188 U. S. 486, 23 Sup. Ct. 363, 47 L. ed. 555. See, also, *Mueller v. Nugent,* 184 U. S. 1, 22 Sup. Ct. 269, 46 L. ed. 405; *In re Smith, Longbottom & Son,* 142 Fed. 291.

In *Re Mertens,* 131 Fed. 507, the court said: "The filing of a bankruptcy petition is notice to the world of the pendency of the proceedings, and operates as an attachment of the bankrupt's property, and is an injunction restraining all persons from intermeddling therewith."

On account of the error of the court in striking out defendant's answer and entering judgment on the pleadings, it is necessary to reverse the judgment and order a new trial as to such matters as are put in issue by the answer. The other questions determined in this opinion are questions of law, and will be applied in reaching a conclusion on a retrial. We take this occasion, however, to observe that there is no need for a new trial unless the appellant can successfully show that Danner has never been adjudged a bankrupt, or, if he has, that the plaintiff is not the duly elected or appointed trustee in bankruptcy, or that he has paid part or all of the sum received.

Judgment reversed and a new trial granted. Costs awarded in favor of appellant.

Sullivan, C. J., and Stewart, J., concur.