(August 28, 1912.)

## ROSA B. SALISBURY, Respondent, v. JUDSON SPOFFORD, Appellant.

### [126 Pac. 400.]

COMPLAINT—DEMURRER TO — FINDINGS—SUFFICIENCY OF EVIDENCE—CONTRACT—CONSTRUCTION OF—PROCEEDS—MEANING OF—CONFLICT IN EVIDENCE.

(Syllabus by the court.)

1. *Held,* that the court did not err in overruling the demurrer to the complaint.

2. Under the provisions of sec. 2676, Rev. Codes, all property of the wife acquired after marriage by gift is her sole and separate property.

3. Under the provisions of sec. 2677, a married woman is given the absolute control of her separate estate, which includes the right to bring an action for the protection of her separate property.

4. *Held,* that the evidence is sufficient to sustain the findings.

5. Where a contract provides that a certain payment is to be made "out of the proceeds" of a certain crop of oats, *held,* that such payment must be made out of the entire proceeds of the sale and is not limited to the net proceeds thereof.

6. *Held,* that where a contract provides that a certain payment shall be made after "the entire crop of said lands shall have been harvested and marketed," that such provision fixes the time of pay-

ment and was not intended to limit the payment to the proceeds of the crop.

7. Where there is a substantial conflict in the evidence, the findings of the court will not be disturbed.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

Action to recover balance due on a written contract. Judgment for the plaintiff. *Affirmed.*

Charles F. Reddoch, for Appellant.

Conceding that the husband could make a gift of the contract here sued upon, the law requires that the transfer, whether gift or donation or exchange, shall be such as to clearly deprive the husband of his interest. (Ballinger, Community Property, secs. 55, 154.)

If the thing given be a chose in action, the law requires an assignment or equivalent instrument and the transfer must be actually executed. (*Dilts v. Stevenson,* 17 N. J. Eq. 407; *George v. Spencer,* 2 Md. Ch. 353; *Lane v. Lane,* 76 Me. 521.)

The word "marketing" as used in the contract certainly meant selling, and it was incumbent upon the plaintiff to prove that the oat crop was marketed and that the proceeds of the sale amounted to at least $50 before she could recover. (*Wheeler & Wilson Mfg. Co. v. Winnett,* 3 Neb. (Unof.) 293, 91 N. W. 514.)

Harry S. Kessler, for Respondent, cites no authorities.

SULLIVAN, J.—This action was brought to recover a balance alleged to be due upon a contract in writing, entered into between the respondent and her husband and the appellant, by which appellant, in consideration of respondent and her husband relinquishing a former lease to certain real estate, promised to pay the sum of $100, $50 at the time of marketing the oat crop raised on said land out of the proceeds thereof, and $50 to be paid after the entire crop upon said land had been harvested and marketed.

It is alleged in the complaint that the appellant had paid only $36.50 upon the first-mentioned $50 out of the proceeds of the oat crop, and that nothing whatever had been paid on the other $50 mentioned, and respondent demanded judgment for $63 and interest, claiming that to be the balance due on said contract. It is alleged in the complaint that the plaintiff's husband had assigned, transferred and given to plaintiff all of his right, title and interest in and to said contract and that the amount due thereon was her sole and separate estate.

To this complaint the appellant filed a demurrer based upon several grounds, only one of which is urged on this appeal. The demurrer was overruled by the trial court and an answer was filed denying generally the allegations of the complaint, and alleging by way of setoff that the respondent and her husband had wrongfully appropriated some cordwood belonging to the appellant of the value of $84. On the trial the plaintiff admitted that there was due the defendant for wood $10.50, and judgment was rendered in her favor for $53 and interest, that being the balance after deducting said $10.50. The appeal is from the judgment.

This case was first tried in a justice's court, and judgment was rendered against the appellant. He thereafter appealed to the district court, where judgment was also rendered against him.

One of the grounds of the demurrer is that the respondent is not the proper party to sue because she is a married woman. It is alleged in the complaint that the respondent's husband had assigned, transferred and given her all of his right, title and interest in and to said contract and that the amount due is the respondent's sole and separate estate. Under the provisions of sec. 2676, Rev. Codes, all property of the wife acquired after marriage by gift is her sole and separate property, and under the provisions of sec. 2677 a married woman is given the absolute control of her separate property, which includes the right to bring any suit for the protection of her separate property. The allegation of the complaint that the husband

had assigned, transferred and given to the plaintiff all his right, title and interest in and to said contract, and that the same was her sole and separate estate, is a sufficient allegation that said property is her sole and separate property. The court did not err in overruling the demurrer.

It is next contended that the findings of the court are not sustained by the evidence. On a review of the evidence, we think it is amply sufficient to sustain each and every finding made by the court.

It is also contended, under the provisions of said contract, that $50 of said consideration was to be paid out of the "net proceeds" of the sale of the oats raised on said premises, and that the evidence shows that the net proceeds amounted to only $36.50, which was paid to the plaintiff. There is no merit in that contention, as the contract expressly provides that $50 was to be paid upon the marketing of the oat crop on said land "out of the proceeds thereof," not out of the "net proceeds." The evidence shows that there was amply sufficient received from the sale of the oats to pay said $50 in full. Under the provisions of said contract, it was not contemplated that the $50 was to be paid out of the net proceeds received for the sale of said oats. It was not intended that the expense of harvesting, threshing and marketing said oats was to be deducted from the proceeds thereof, and that if there were not sufficient remaining to pay said $50, the plaintiff should receive only the net proceeds thereof. The proceeds of a sale means the entire proceeds. (*Dittemore v. Cable Milling Co.,* 16 Ida. 298, 133 Am. St. 98, 101 Pac. 593.) The evidence shows that the oats were sold for sufficient to pay said $50, and that being true, the plaintiff was entitled to receive that amount.

It is also contended that the second $50 was to be paid out of the remaining part of the crop raised on said land. Said contract provides that said $50 shall be paid after "the entire crop on said land shall have been harvested and marketed," and it was found by the trial court that said $50 was to be paid by the defendant to plaintiff regardless of the amount

of the value of the balance of said crop or the amount realized therefrom, and that the above-quoted provision of said contract was intended by the parties thereto to fix the time of payment. We think the evidence supports that finding of the trial court. There is a substantial conflict in the evidence as to the value of the crops raised on said land, and under the well-established rule of this court, where there is such conflict the findings will not be set aside.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.