## McCRORY v. WICHITA COUNTY.

### No. 15450.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 16, 1953.

Rehearing Denied Nov. 13, 1953.

Jack Connell, Wichita Falls, for appellant.

Jimmie Castledine, County Atty., Mc-Donald & Anderson and Geo. W. Anderson, Wichita Falls, for appellee.

BOYD, Justice.

The sole question to be determined in this cause is whether the statutory commission of the County Judge is due on certain money received by appellant as guardian. The money constituted the ward's share of periodical distributions from the liquidation of a trust.

In 1924 Luke F. Wilson and his wife executed and delivered to Luke W. McCrory, Trustee, an instrument conveying the legal title to various real properties situated in different counties in this state, which instrument is of record in the deed records of Archer County. The trustee was directed to manage, control, and ultimately dispose of all the trust properties, convert the same into cash, and annually distribute such cash to the beneficiaries named therein, one of whom, Margaret M. Corley, was the mother of appellant's ward, Edward McCrory Corley. Mrs. Corley was entitled to 1/24th of the funds. The mother subsequently died, and the ward was and is her only issue and heir, and was and is invested with all her right and interest under the trust. It was stipulated that on the execution and delivery of the trust instrument the corpus of the trust estate was legally and equitably converted into personalty, the trustee retaining the legal title, and the equitable title vesting in the beneficiaries; the beneficiaries having no right to any of the corpus, but each was entitled only to a distributive share of the funds upon liquidation, and such is now the beneficiaries' only right.

Appellant was, on and before December 30, 1935, and now is, the resident guardian of the ward under appointment of the County Court of Coles County, Illinois, and on that date she was appointed nonresident guardian by the County Court of Wichita County, Texas, and qualified as such on January 8, 1936, since which time she has been nonresident guardian of such ward.

Before the filing of this suit, appellant had paid to appellee Wichita County, Texas, as fees of the County Judge of Wichita County, the sum of $1,398.44, which was one-half of one per cent of the funds paid to her by the trustee as the distributive share of her ward to February 10, 1951, and for the period from February 10, 1951, to the filing of this suit, one-half of one per cent of the money paid to her by the trustee is the sum of $572.52, which has not been paid to appellee.

It was further stipulated that there have never been any properties belonging to the estate of the ward situate in the state of Texas, within the jurisdiction of the County Court of Wichita County, other than the claim or right to share in the periodical distributions made by the trustee, and there has never been any property in the hands of

the guardian in this state except at the times of such distributions, and such funds were immediately removed to Coles County, Illinois, the domiciliary jurisdiction of the guardianship; and that there has been no occasion for the County Judge of Wichita County to exercise any jurisdiction in the guardianship matter except with regard to the removal of such funds to Coles County, Illinois, approval of the bonds thereon, and approval of the guardian's annual accounts.

Appellant prayed for judgment for $1,398.44, which had been paid as the County Judge's commissions, and a determination by the court that she did not owe the $572.52 representing one-half of one per cent of the distributions since February 10, 1951, and for a determination that no commissions will accrue from any such future distributions. Appellee prayed for judgment for said sum of $572.52 and that appellant take nothing by her suit. All relief sought by appellant was denied, and judgment was rendered for appellee for $572.52, and appellant perfected this appeal.

Article 3926, R.C.S., Vernon's Ann.Civ. St., provides for a commission to the County Judge of one-half of one per cent of the "actual cash receipts" of executors, administrators, and guardians, upon the approval of the exhibits and the final settlement of the account of such executor, administrator, or guardian. The question therefore is: Are such distributions by the trustee to appellant "actual cash receipts" of the guardian in the meaning of said article?

■ We have reached the conclusion that the question must be answered in the negative. The provisions of the statutes relating to commissions paid to executors, administrators, and guardians may be considered as indicative of the legislative intent expressed in Article 3926. In Willis v. Harvey, Tex.Civ.App., 26 S.W.2d 288, 289, writ refused, a County Judge claimed a commission on the amount of cash which was on deposit in a bank to the credit of the testatrix at the time of her death. In

denying recovery, the court said: "It is thought the term 'actual cash receipts' should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died, because the words used point to and imply that meaning. And, too, another section of the statute, bearing upon the same subject-matter of compensation, makes it evident that such was the meaning that the Legislature intended should be put upon the term used in the presently considered article. * * * By such sections (article 3689 and 3690) executors and administrators are allowed commission on 'all sums they may actually receive in cash' but which shall not include 'any cash which was on hand at the time of the death of the testator or intestate.' Also by article 4310, R.S., commissions are expressly denied to the guardian on 'Estate * * * first delivered.' The express shutting out of a commission to executors and administrators on 'cash * * * on hand at the * * * death of the testator or intestate' and to guardians 'on the estate first delivered' is to be taken as an expression of legislative intent of the scope and purpose of article 3926."

The "estate first delivered" to appellant was the distribution made to her by the trustee. The real property of the trustor was never delivered to her. Her only right was to receive for her ward 1/24th of whatever amount the trustee converted into cash. As guardian, she could not have claimed a commission on the estate first delivered.

■ We believe that the expression "actual cash receipts" has a more restricted meaning than "cash actually received." In the first expression, "actual cash" describes "receipts," while in the second, "actually received" describes "cash." Cash may be capital, or the corpus of an estate, while the word "receipts" is synonymous with "income," "issue," "product," "yield," "returns," and "proceeds." Gibbs v. Barkley, Tex.Com.App., 242 S.W. 462; Ladd v. Upham, Tex.Civ.App., 58 S.W.2d 1037; Dittemore v. Cable Milling Co., 16 Idaho

298, 101 P. 593, 133 Am.St.Rep. 98; 72 C.J.S., Proceeds, page 974. And the term "proceeds" has been defined as " * * * 'the amount proceeding or accruing from some possession or transaction.' * * *" State ex rel. Ledwith v. Brian, 84 Neb. 30, 120 N.W. 916, 917. The term "receipts" denotes something accrued and received.

■ But if it could be said that the ward's estate "first delivered" to appellant consisted of ownership in the properties conveyed by the trustor to the trustee, rather than in the share distributed to her by the trustee, the funds distributed would nevertheless be the corpus of the ward's estate. It would be the same estate in a different form, and would be only once received. Gilbert v. Hines, Director of U. S. Veterans' Bureau, Tex.Civ.App., 32 S.W.2d 876; 21 Tex.Jur., p. 352, sec. 95.

■ Nor is appellee helped by the provision of Article 3926 to the effect that the County Judge's commission accrues "upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian". In Lyles v. Oheim, Tex.Civ.App., 142 S.W.2d 959, 963, it is said: "If the Legislature had intended that the commission in controversy was to compensate the county judge *for* the approval of the exhibits, it would have said so, as it did in subsequent sections of the same article. We think the expression used by the article, * * * *upon* the approval of the exhibits', etc., denotes the time when the commission can be demanded; that is, the item may be demanded and collected when the exhibits are approved." Compensation is allowed the County Judge for approving exhibits, approving bonds, and making other orders, but this compensation is no part of, but is distinct from, the commission of one-half of one per cent of the "actual cash receipts" of executors, administrators, or guardians.

We hold that the money paid to appellant by the trustee did not constitute "actual cash receipts" of the guardian in the meaning of Article 3926, and that in this case no

commissions accrued as fees of the County Judge. The judgment of the trial court is therefore reversed and judgment is here rendered that appellee take nothing by its prayer for $572.52, and that appellant recover from appellee the sum of $1,398.44, being the amount heretofore paid on account of the claim for commissions of the County Judge.