ANDERSON v. STEDDUM. (No. 1761.)

(Court of Civil Appeals of Texas. Texarkana. March 21, 1917. Rehearing Denied April 19, 1917.)

1. GUARDIAN AND WARD ⟳161—ACCOUNTING—REVIEW—UNJUST BUT LEGAL JUDGMENT.

The Court of Civil Appeals cannot disturb the judgment of the district court disapproving a mother's final account as guardian of her minor son, if the judgment was in accordance with law, though it appears unjust.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 523-526.]

2. GUARDIAN AND WARD ⟳30(1)—"INCOME OF WARD'S ESTATE"—STATUTE.

Pension money in a mother's hands as guardian for her minor son was not "income" of the minor's estate, within Vernon's Sayles' Ann. Civ. St. 1914, art. 4131, providing that the court may direct the guardian of the person to expend for the education and maintenance of his ward a specific sum, though such may exceed the income of the ward's estate, but, without such direction, the guardian shall not be allowed in any case for the education and maintenance of the ward more than the clear income of the estate, since the income which the guardian, without an order of the court, is authorized to use for the education and maintenance of her ward, must arise from an "estate" owned by the latter.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 116-127, 129, 130, 132-135.]

**3. GUARDIAN AND WARD** ☞30(1)—**EXPENDITURES—WARD'S PENSION.**

Though a minor's pension money was paid into the hands of his mother, the guardian, by the federal government for his education and maintenance, it was paid to her as the person appointed under the laws of the state to receive it, and, when it reached her hands as guardian, it could be expended by her only in conformity to the laws of the state.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 116–127, 129, 130, 132–135.]

**4. GUARDIAN AND WARD** ☞148—**EXPENDITURES BY GUARDIAN—RIGHT TO CREDIT—STATUTE.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4278, providing that in the settlement of any of the accounts of a guardian he shall account for the reasonable value of the labor or services of his ward or the proceeds thereof, if any such labor or services have been rendered by such ward, and the guardian shall be entitled to reasonable credits for the board, clothing, and maintenance of his ward, the guardian is entitled to credits as specified when they represent expenditures made by him as authorized by law, and not when they represent those made on account of his ward without authority of, if not in defiance of, the requirements of the law.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 497.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Proceedings on the final accounting of Mary A. Anderson, guardian of Chas. T. Steddum, her minor son. From a judgment disapproving the final account, the guardian appeals. Affirmed.

This appeal is from a judgment of the district court (on appeal to it from the county court) disapproving appellant's final account as guardian of appellee, her minor son, which showed her not to be indebted as such guardian to appellee in any sum, determining, instead, that she had in her hands as such guardian $546.89 belonging to appellee, and ordering her to pay same over to him.

The findings made by the court, on which he based his judgment, were as follows:

"(1) I find that Mary A. Anderson was duly appointed guardian of Chas. T. Steddum by the county court of Fannin county and qualified as such as required by law.

"(2) That as such guardian she collected from the U. S. government the pension due to said Chas. T. Steddum, the amounts being paid quarterly after the first payment of $132.92, and that the amounts are correctly stated in her amended final report filed in the county court on October 12, 1915.

"(3) That she expended the same as is fully set forth in said report, and paid out for the use and benefit of said Chas. T. Steddum all the sums of money set out in said report.

"(4) That she made her annual reports, which were filed and approved by the county court as stated in said final report.

"(5) That she advanced to said Chas. T. Steddum a wagon and team at $200, on June 15, 1909; at that time he was a minor and a married man, and it was necessary to make said advancement, which property he kept and appropriated to his own use and benefit.

"(6) That she paid the costs of guardianship and attorney's fees as shown in said final report.

"(7) That there was no other property belonging to said Chas. T. Steddum out of which

to pay for his board, clothing, tuition, and maintenance other than the pension fund.

"(8) That she was a married woman, and had no estate of her own to pay said expenses with for said Chas. T. Steddum; that she was his mother, and was a married woman, the wife of J. T. Anderson.

"(9) That there was no order of the county court authorizing her to pay out said funds entered of record as required by law.

"(10) I further find that there remains in the hands of said guardian the sum of $546.89 after allowing all legal and proper credits which belongs to said Chas. T. Steddum and should be paid to him by said guardian."

On this appeal the correctness of the findings, except the tenth, is not attacked. The tenth is attacked as unauthorized by the testimony.

The court's conclusions of law on the facts found by him were as follows:

"(1) I conclude that she had no authority to pay out said funds without an order of the county court properly entered of record, because the same was not an income of the estate.

"(2) I conclude that pension money was his estate and was not an income.

"(3) I conclude that she was authorized to pay out the costs of court, attorney's fees, and to make the advancement of the wagon and team out of said pension money without any order of the county court to do so."

H. G. Evans, of Bonham, for appellant. A. P. Bolding and J. W. Gross, both of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above). It appeared from the final account that appellant, as appellee's guardian, had received $835.42, being the aggregate of sums due him as a pension under laws of the United States, and had paid out on his account sums aggregating $1,043.43. It was not contended in the court below, nor is it here, that the sums she so paid out, or any of them, did not represent proper and necessary expenses incurred in the education and maintenance of appellee while a minor. And, it appearing that appellant had no means of her own enabling her to discharge the duty she owed appellee as his mother to support him while a minor, it was not contended in that court, nor is it here, that appellant was not entitled, as appellee's guardian, to use the money she held for him as her account showed she had used it, if the money was "income of his estate" within the meaning of article 4131, Vernon's Statutes. The contention was, and is, that it was not such "income," and therefore that she could not use it as she did in the absence, as was the case, of an order of the probate court authorizing and directing her to so use it. So, it seems, the question presented is this one: Was the pension money in appellant's hands as guardian "income" of appellee's estate or not?

[1] If this question should be answered in the negative, the judgment of the court below was in accordance to law (article 4131, Vernon's Statutes; Smythe v. Lumpkin, 62

Tex. 242; Jones v. Parker, 67 Tex. 76, 3 S. W. 222; Blackwood v. Blackwood, 92 Tex. 478, 49 S. W. 1045; De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Logan v. Gay, 87 S. W. 852), and this court is without power to disturb it, because unjust, as it appears to us to be.

The article of the Statutes referred to is as follows:

"The court may direct the guardian of the person to expend, for the education and maintenance of his ward, a specific sum, although such sum may exceed the income of the ward's estate; but, without such direction of the court, the guardian shall not be allowed, in any case, for the education and maintenance of the ward, more than the clear income of the estate."

[2] If the language of the statute is given effect, and it must be, then, clearly, the question must be answered in the negative; for if the "income" which a guardian without an order of court is authorized to expend for the education and maintenance of his ward must arise from an "estate" owned by the latter, it is plain that there must be such an estate before there can be such income." As appellee owned nothing except the pension money, unless that was an estate he owned nothing from which an income could arise. If it was an "estate," and, clearly, it was, of course it was not "income of an estate" within the language of the statute; for it could not be "income from an estate" if it was the estate itself. It follows, we think, that the fund in appellant's hand as not "income" of appellee's estate, and therefore that she lawfully could not use it for his education and maintenance in the absence of an order of court directing her to do so.

[3] Appellant insists the purpose of the Congress in providing the pension being, she asserts, to "assist the pensioner in providing for his daily wants" (Price v. Society for Savings, 64 Conn. 362, 30 Atl. 139, 42 Am. St. Rep. 198), that the money paid to her for appellee was in her hands as guardian for that purpose, and that she had a right to use it for his education and maintenance without first obtaining from the probate court an order authorizing and directing her to do so. In making this contention it seems to us she ignores the fact that, while the money may have been paid into her hands by the federal government for the purpose stated, it was paid to her as the person appointed under the laws of this state to receive it, and, when it reached her hands as guardian, could be expended by her only in conformity to the laws of this state.

[4] Appellant further insists that allowance of the credits she claimed was authorized by the concluding clause of an article (4278) of Vernon's Statutes as follows:

"In the settlement of any of the accounts of the guardian, he shall account for the reasonable value of the labor or services of his ward, or the proceeds thereof, if any such labor or services have been rendered by such ward; and the guardian shall be entitled to reasonable cred-

its for the board, clothing, and maintenance of his ward."

But the clause invoked in the article set out must be construed in connection with other provisions of the statutes. When so construed, it means, we think, that the guardian shall be entitled to credits as specified when same represent expenditures made by him as authorized by law, and not when they represent expenditures made on account of his ward without authority of, if not in defiance of the requirements of, the law.

There is no error in the judgment, and it is affirmed.