**ANDERSON v. STEDDUM. (No. 142–3072.)**

(Commission of Appeals of Texas, Section B.
June 26, 1920.)

**Guardian and ward ☞30(3)—Pension is "estate" expendable only on court order.**

Pension money received by a guardian is "estate" of the ward within the meaning of the term "estate" as used in Vernon's Sayles' Ann. Civ. St. 1914, art. 4131, and the guardian is not entitled to credit for expenditure thereof for support and education where she did not first procure a court order as required by that article.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estate.]

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Proceedings on the final account of Mary A. Anderson, as guardian of Charles T. Steddum, her minor son. A judgment of the district court disapproving the final account was affirmed by the Court of Civil Appeals (194 S. W. 1132), and the guardian brings error. Affirmed.

H. G. Evans, of Bonham, for plaintiff in error.

J. W. Gross and A. P. Bolding, both of Bonham, for defendant in error.

KITTRELL, J. This cause is reported in 194 S. W. 1132. The writ was granted by the Committee of Judges. It involves the question whether pension money received by a guardian and expended in her capacity as such is "estate" of the ward within the meaning of the term "estate" as used in article 4131, V. S. R. S. The Court of Civil Appeals held that it is, and that, the guardian having expended the money without having first procured such order as is by said article 4131 required to be obtained before the expenditure was made, the guardian was not entitled to credit for such expenditure in the settlement of her final account.

The Supreme Court has indicated to us that in its opinion the judgment of the Court of Civil Appeals was correct and should be affirmed. In view of that opinion, it is recommended that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.