## BAGWELL v. McCOMBS.
### No. 10626.

Court of Civil Appeals of Texas. Dallas.
June 21, 1930.

Rehearing Denied Oct. 11, 1930.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

Sarah T. Hughes and Eric Eades, both of Dallas, for appellee.

JONES, C. J.

In the matter of the guardianship of the estate of Benjamin A. Bagwell, non compos mentis, pending in the probate court of Dallas county, orders were duly entered by the judge of said court removing O. A. Bagwell, appellant, as guardian of the estate, appointing Charles S. McCombs guardian of the estate and the person of Benjamin A. Bagwell, and rejecting the final report of appellant as guardian, and decreeing that he was indebted to such estate in the sum of $2,924.88. From these orders, an appeal by appellant was duly perfected to a district court of Dallas county, and a trial de novo had thereon. From a judgment in effect the same as the orders entered in the probate court, an appeal has been duly perfected to this court. The following is deemed a sufficient statement of the facts:

Benjamin A. Bagwell had been a soldier in the United States Army and on June 2, 1922, was duly adjudged to be of unsound mind, and restraint of his person was found necessary. At the time of this judgment, Benjamin A. Bagwell was 21 years of age and a resident of Dallas county, Tex. It was also adjudged that he had no estate and that no person was liable for his support. However, he had a claim for disabilities while in the government service as a soldier, and on June 19, 1922, his father, appellant, O. A. Bagwell, then a resident of Dallas county, was appointed guardian of the estate of Benjamin A. Bagwell, which consisted solely of the allowance of $80 per month to be paid by the United States government through the Veterans' Bureau, because of such disabilities. No one

was appointed guardian of the person of Benjamin A. Bagwell until appellee's appointment, after the removal of appellant as guardian of the estate. Immediately following the judgment of lunacy, Benjamin A. Bagwell was delivered to an officer of the United States and placed in a United States hospital at Little Rock, Ark. The judgment of lunacy has never been set aside, though at different periods of time from the summer of 1922 to the date of the trial of this case, June 2, 1929, Benjamin A. Bagwell was permitted to leave the hospital on parole, but at all times subject to be returned.

After the appointment of appellant as guardian, he removed from Dallas county, Tex., to the state of Oklahoma, and has resided there ever since. During the several times that Benjamin A. Bagwell was on parole he lived in the state of Oklahoma, and has never lived in the state of Texas since he was admitted to the hospital in June, 1922. These facts appear only from appellant's pleading.

Appellee, Charles S. McCombs, was appointed by the probate court of Dallas county guardian of the estate and person of Benjamin A. Bagwell, after an order was entered removing appellant from guardianship of his estate. After appellant was removed from such guardianship, he filed a final report, January 27, 1928, in the probate court of Dallas county. This report shows that during the time he was guardian of said estate he collected from the United States government, for the benefit of Benjamin A. Bagwell, the sum of $2,968.93. He expended what he believed to be for the benefit of his ward the sum of $3,189.37. The report shows that these disbursements were made for the following purposes: Expenses of ward while in the hospital at Little Rock at various periods of time from June, 1922, to June, 1926, $357.78. Board and room for the ward for 30½ months while out of the hospital, from June, 1922, to December 15, 1926, at $30 per month, $915. For clothing for the said time of 30½ months while the ward was not in the hospital, $250. For spending money advanced to ward for incidental necessaries for the period of time the ward was in the hospital, at $20 per month, $610. For nurse, guard, and services of physicians and for medicine for ward in November, 1923, at Headleton, Okl., $40. For one set of furniture purchased for ward in September, 1924, $95. For one Ford coupé automobile purchased for ward in April, 1925, $185. Three houses and lots purchased for ward in the town of Headleton, Okl., $668. For sundry expenses in reference to the purchase of the lots, taxes, repairs, etc., $68.19. Court costs, $34.05. Attorney's fee for making the report, $10.

The report also shows the collection of $157.52 as rents for the houses purchased, and a return of $10.89 from the Little Rock

hospital. These two latter sums are placed to the credit of the estate. This final report states that the various disbursement items are more fully itemized in a report that had been theretofore filed in the probate court of Dallas county, but such report is not in this record. The government furnishes hospital services, board, and clothing free to the inmates of its hospitals.

No order was entered by the probate court of Dallas county giving appellant, as guardian, authority to make expenditures of any money coming into his hands. Appellee, Charles S. McCombs, concedes the correctness of the report, in so far as it names the amount of money coming into the hands of appellant from the United States government. He also concedes the correctness of the items for court costs and attorney's fee, but contests all other items therein by a written protest duly filed in the probate court of Dallas county, Tex. The protest as to the allowance of the various sums of money paid out by appellant, as shown by his final report, is based on the theory that the money coming into the hands of the guardian from the United States government represents the corpus of the estate and not income from such estate, and hence no part of such money can be expended for necessaries, except under order of the probate court.

Appellant filed a plea in abatement, duly verified, praying for a dismissal of the contest of his final report, on the ground that the court had no jurisdiction to appoint appellee as guardian, either of the estate or person of Benjamin A. Bagwell, because he was not a resident of Dallas county, Tex., at the time the appointment was made, and had not been such resident since 1922, that, at the time the appointment was made, Benjamin A. Bagwell was a resident of the state of Oklahoma and was actually residing in said state at such time, and that by reason of such want of jurisdiction, the appointment of appellee was a nullity, and he could not be heard in contest of the report. This plea was overruled by the court without hearing any evidence thereon. Exceptions were sustained by the court to pleadings filed in defense of the contest on appellant's report, on the ground that it affirmatively appeared from the report and from appellant's pleadings that all of the expenditures, except for court costs and attorney's fees, were made by appellant without authority from the probate court. Appellant declined to amend either the report or the pleadings, and duly perfected an appeal to this court.

All of the matters herein discussed are raised by appellant by proper assignments of error. The court had jurisdiction, both of the person and the estate of Benjamin A. Bagwell, at the time appellant was appointed guardian of such estate. While the estate consisted entirely of the monthly allowances

made by the United States government to the ward, it was nevertheless the corpus of the estate and not income from an estate. It is also an estate from which there was no income, and any expenditures for the benefit of the ward must be made from the corpus of the estate. Anderson v. Steddum (Tex. Civ. App.) 194 S. W. 1132. The guardian's report shows that the entire estate that came into the possession of appellant was consumed by him in the disbursement made for the benefit of the ward. These disbursements were made without any authority of the probate court of Dallas county in direct violation of statute, and therefore illegally made. Articles 4170 and 4171, R. C. S. 1925. The defensive allegations made by appellant presented no valid defense to the action of appellant in making the various disbursements without authority from the probate court of Dallas county, and the trial court correctly sustained exceptions to such allegations. It may be admitted, as pleaded by appellant in his answer to the contest and as urged in his brief, that much of the expenditures made by him were for necessaries, and that the remainder were for the comfort and enjoyment of the ward, and were such as are contemplated by the federal act (38 USCA § 451 et seq.) authorizing the allowance, but the act commits to the law of the state the conditions under which such expenditures may be legally made, and does not attempt to control same. Anderson v. Steddum, supra.

■■ The judgment of the lower court, in disapproving the final report of appellant as guardian of the estate in controversy, must be affirmed. The Dallas county probate court had the power to remove appellant as guardian of the estate being administered in such court, and this carried with it the power to appoint another guardian of so much of the estate of the ward as was constructively in Dallas county, and to order appellant to deliver such portion of the estate to appellee as guardian, regardless of the present residence of the ward. The situs of that portion of the ward's estate consisting of $2,924.88, the money misapplied by appellant, is constructively in Dallas county. Neal et al. v. Bartleson et al., 65 Tex. 478.

■■ The jurisdiction of the probate court of Dallas county over the ward, Benjamin A. Bagwell, for the purpose of appointing a guardian of his person and a guardian of that portion of the estate consisting of the future monthly allowances to be paid by the government, is made by statute to depend on whether the ward's residence was in Dallas county at the time of the appointment of appellee. Article 4111, subd. 3, R. C. S. 1925. It is affirmatively pleaded by appellant that the ward has not resided in Dallas county or the state of Texas since June, 1922, but that his residence now is, and had been for some time prior thereto, in the state of Oklahoma. This pleading raises an issue of the jurisdiction of the probate court of Dallas county to appoint a guardian of the person of Benjamin A. Bagwell, as well as a guardian of that portion of his estate which consists of future monthly allowances. Weeks v. De Young (Tex. Civ. App.) 290 S. W. 852, 857. The situs of such estate follows the legal residence of the ward, because it is personal to him. The court erred in not hearing evidence as to the residence of Benjamin A. Bagwell, and this portion of the judgment must be reversed for the purpose of determining the jurisdictional fact of the residence of Benjamin A. Bagwell. If it is shown that Benjamin A. Bagwell now resides in the state of Oklahoma, then the trial court will set aside the order appointing appellee guardian of the person of Benjamin A. Bagwell, will modify the order appointing appellee guardian of the estate, so as to exclude that portion of the estate consisting of the future monthly allowances from administration, and then certify such judgment to the probate court of Dallas county for observance.

In affirming the judgment of the lower court, requiring appellant to pay to appellee the said sum of $2,924.88, we do so without prejudice to the right of appellant to present in the usual and proper way any claims he may have against the estate of Benjamin A. Bagwell for necessaries expended in his behalf; such claims, however, cannot be considered as offsets to the judgment herein entered against him, but must take their place as claims against the estate to be allowed or disallowed by the probate court under the law governing such claims.

Affirmed in part; reversed and remanded in part.