**GILBERT v. HINES, Director of United States Veterans' Bureau.**

No. 10447.

Court of Civil Appeals of Texas. Dallas. Oct. 4, 1930.

J. Cleo Thompson, of Dallas, for appellant.

Eric Eades and George E. Hughes, both of Dallas, for appellee.

JONES, C. J.

From an adverse judgment in a district court of Dallas county on a claim for the statutory commission in the estate of Thomas Earle Gilbert, non compos mentis, N. L. Gilbert, appellant, guardian of such estate, has duly prosecuted an appeal to this court. The claim for commissions was resisted by appellee, Frank T. Hines, Director of the United States Veterans' Bureau. The following is a sufficient statement of the case:

Appellant filed in the probate court of Dallas county an application for statutory guardianship commissions alleged to be due him as the guardian of the estate of Thomas Earle Gilbert. The claim for commissions is based on moneys paid to appellant, guardian, by the United States Veterans' Bureau as monthly compensation accruing to his said ward over a period of years and amounting, up to the time the claim for commissions was asserted, to the sum of $2,712.91; and said claim is also based upon money paid to the appellant guardian by the United States Veterans' Bureau under a policy of war risk insurance, the insurance funds amounting, at the time the claim for commissions was asserted, to $5,899.50. The aggregate of the moneys collected by the guardian as disability compensation, paid by the United States Veterans'

Bureau, and the installments of insurance, paid under the war risk insurance policy, and upon which the guardian asserted a claim for a commission of 5 per cent., is $8,612.41, the commissions claimed by the guardian amounting to $430.61. The guardian's claim, for commissions on the sums mentioned above, was denied by the probate court on the ground that the compensation and insurance paid to the guardian by the government represented the corpus of the ward's estate, and that by reason thereof no commissions were allowable under the law. An appeal was taken to the district court, and the same judgment entered.

The ward's claim for compensation was allowed by the government several years ago, and the United States Veterans' Bureau paid to the guardian the monthly compensation due the ward under the federal statutes as the same accrued, and, as heretofore stated, up to the time the guardian asserted his claim for commissions the compensation paid to him amounted to the total sum of $2,712.91. The claim of the ward against the government for war risk insurance was denied by the government, and the guardian thereupon filed a suit in the federal court for the monthly installments alleged to have accrued and become due and payable to the ward, under the provisions of the policy, in case of total and permanent disability of the insured. The litigation resulted in favor of appellant, and a judgment in his favor as guardian was paid, and the government thereafter also paid to said appellant additional monthly installments accruing under the war risk insurance policy, the total amount of such insurance payments, including the judgment, amounting, at the time the guardian asserted his claim for commissions, to $5,899.50. As stated, the guardian claims commissions are due him, and appellee contends that the guardian is not entitled to commissions on either of said sums, for the reason that such compensation and insurance constitute the corpus of the ward's estate.

Appellant's contention, supported by his first assignment of error and proposition of law, is that the total sum of money, paid to him as war risk insurance, represents gross income from the estate of his ward, and does not represent the corpus of the ward's estate. Appellant bases this contention on the fact that, when he (appellant) was appointed guardian, there was only a claim in favor of the ward for the insurance money, a mere chose in action, which was not realized upon until long after his appointment as guardian, and that, when the proceeds of this claim finally came into the possession of appellant, it represented income from the ward's estate rather than the corpus of the estate, and, hence, must be treated as income.

■ A guardian's right to commission on an estate of a ward is fixed by statute, and no commission can be allowed unless such claim comes within the provisions of such statute. Article 4310, R. S. 1925, authorizes the allowance of such commissions and is as follows: "The guardian of the estate shall not be entitled to or receive any fee or commission on the estate of the ward when first delivered to him; but shall be entitled to a fee of five per cent. on the gross income of the ward's estate and five per cent. on all money paid out. The term 'money paid out' shall not be construed to include any money loaned or invested or paid over on the settlement of the guardianship."

Two other articles of our statute refer to allowances that may be made to a guardian of an estate, and are as follows:

"Art. 4311. If the guardian manages a farm, plantation, manufactory or other business of his ward, the court may allow him a reasonable compensation for such services."

"Art. 4312. All necessary and reasonable expenses incurred by the guardian in the preservation and management of the ward's estate, and in collecting or attempting to collect claims or debts due the ward, and in recovering or attempting to recover property to which the ward has a title or claim, and all reasonable attorneys' fees necessarily incurred in the management of such guardianship, shall be allowed the guardian, to be paid out of the estate on satisfactory proof thereof being made to the court."

Under article 4310, supra, a guardian cannot receive any commissions from the estate of a ward when such estate first comes into his possession as guardian. It is only after the estate has earned an income and this income has been paid to a guardian, or after money has been legally paid out by a guardian, that the law permits him to charge the statutory 5 per cent. commission. The statute makes no provision for any allowance to a guardian for work performed by him incident to his taking possession of the estate or enforcing claims that are a part of the corpus of the estate.

■ Article 4312, supra, allows the guardian all necessary and reasonable expenses incurred in collecting or attempting to collect claims or debts due the ward and in recovering or attempting to recover property to which the ward has a title or claim and all reasonable attorneys' fees necessarily incurred in the management of the guardianship. No personal remuneration to the guardian for performing his duty with respect to these matters is authorized.

■ In the instant case the ward's claim for war risk insurance, subsequently enforced by appellant as guardian, existed as such claim at the time appellant was appointed and qualified as guardian. Was this claim a part of the corpus of the ward's estate, or did it merely represent a prospective future income from the ward's estate? We think unquestionably, though a chose in action at the time appellant was appointed guardian, the insurance claim was a part of the corpus of the ward's estate. If the money which came into the possession of appellant from the prosecution of this insurance claim represented the proceeds of the enforced collection of two promissory notes payable to the ward, then we apprehend that it could not be contended that such money represented income from the estate. We are unable to give this money coming from the enforcement of a claim, or chose in action, owned by the ward at the time of the commencement of the guardianship proceedings, a different status from money coming into the possession of the guardian from the collection of promissory notes existing in favor of the ward at the time of the commencement of such proceedings. The word "estate" includes claims that are mere choses in action and are alone sufficient warrant for instituting administration proceedings in a probate court. St. Louis Southwestern Ry. Co. of Texas v. Smitha (Tex. Civ. App.) 190 S. W. 237; Id. 111 Tex. 285, 232 S. W. 494; Williams v. Railway Co., 169 Mo. App. 468, 155 S. W. 64.

■ We, therefore, hold that the claim for war risk insurance was a part of the corpus of the estate, and, when this claim was later converted into money and paid to the guardian, its status, as a part of the corpus of the ward's estate, was unchanged, and no commissions to the guardian could be allowed thereon. Anderson v. Steddum (Tex. Civ. App.) 194 S. W. 1132; Bagwell v. McCombs, Guardian (Tex. Civ. App.) 31 S.W.(2d) 835; Freedman v. Vallie (Tex. Civ. App.) 75 S. W. 322.

■ Appellant's contention that the money paid to the guardian, by the United States government for disability, represented income from the ward's estate and was not a part of the corpus of the estate, cannot be sustained. In the recent case of Bagwell v. McCombs, supra, this very question was before this court and decided adversely to appellant. The case of Anderson v. Steddum, supra, we consider also directly in point, though the money paid to the guardian in the reported case was denominated pension money; however, we can see no distinction between the status of the funds in the reported case and the status of the funds in the instant case. This contention is overruled.

Finding no reversible error, we are of opinion that the case should be affirmed.

Affirmed.