

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 9, 1959

This Opinion
Overrules Opinion

\* _0-1665_

0-5495

Mr. Charles J. Lieck, Jr.
Criminal District Attorney
Courthouse
San Antonio, Texas

Opinion No. WW-664

Re: Whether payments from
Workmen's Compensation
and Social Security bene-
fits received by a ward,
arising out of the death
of her father, are subject
to the payment of commis-
sions to the County Judge
under the provisions of
Article 3926, Vernon's
Civil Statutes.

Dear Mr. Lieck:

We quote from your letter of June 5, 1959:

"'In an estate of a minor, the Probate
Clerk has presented a bill of costs which
includes County Judge's Commission of ½ of
1% on the amount shown as receipts in the
annual account filed in this estate. This
fee has been taxed as part of the costs on the
ward's receipts from Workman's Compensation
Claim, payable on the death of her father, and
the ward's interest in Social Security benefits
by reason of her father's death.

"'I request an opinion from you on the fol-
lowing question:

"'Do the payments from a Workman's Com-
pensation Claim, payable on the death of
the father, and the ward's interest in
Social Security benefits by reason of the
father's death, represent corpus of the
estate or income?'"

Section 1 of Article 3926, Vernon's Texas Civil Statutes, provides as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one per cent upon the <u>actual cash receipts</u> of each executor, administrator or <u>guardian</u>, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian." (Emphasis ours.)

In <u>Anderson v. Steddum</u>, 194 S.W. 1132 (Civ. App. 1917, affirmed by memo opinion, 222 S.W. 1090 /Comm. App. 1920/) it was held that a pension paid to a ward under the laws of the United States was not income to the estate but the corpus of same, and that, therefore, the guardian could not expend such moneys for education and maintenance of the ward without an order of the Probate Court. The Court stated at page 1134 of the opinion:

". . . As appellee owned nothing except the pension money, unless that was an estate he owned nothing from which an income could arise. If it was an 'estate,' and, clearly, it was, of course it was not 'income of an estate' . . . for it could not be 'income from an estate' if it was the estate itself. It follows, we think that the fund in appellant's hand as /sic/ not 'income' of appellee's estate, . . ."

Later in <u>Goodwin v. Downs</u>, 280 S.W. 512 (Comm. App. 1926) it was held that the County Judge was entitled to a commission upon money received by an administrator in the fulfillment of a road construction contract of the deceased. The cash receipts from the contract were viewed as income. It is important to note that at the time the administration was taken out the construction contract had been entered into by the deceased, but not performed. The work was performed and the contract completed at the instance of the administrator after the commencement of the administration.

The facts presented by your request are unlike the situation before the Court in Goodwin v. Downs, supra, because here the circumstances which gave rise to the claims materialized prior to the commencement of the guardianship. In the instant situation the death of the father prior to the guardianship created a right on the part of the ward to claim the Workmen's Compensation benefits and the Social Security benefits. In Goodwin v. Downs, supra, the right to claim the benefits of the construction contract did not accrue until the work was performed and the contract completed during the administration.

Thereafter, in Willis v. Harvey, 26 S.W.2d 288 (Civ. App. 1930, error ref.) a County Judge was denied a commission on cash on deposit in a bank to the credit of the testatrix at the time of her death.

Monthly disability payments from the United States Veterans' Administration to a veteran for whom a guardian had been appointed were held in Bagwell v. McCombs, 31 S.W. 2d 835 (1930) to constitute the corpus of the estate. In the opinion it was stated at page 837:

> ". . . While the estate consisted entirely of the monthly allowances made by the United States government to the ward, it was nevertheless the corpus of the estate and not income from an estate. It is also an estate from which there was no income, and any expenditures for the benefit of the ward must be made from the corpus of the estate. Anderson v. Steddum (Tex.Civ.App.) 194 S.W.1132."

In Gilbert v. Hines, 32 S.W. 876 (Civ. App. 1930) a guardian claimed a commission upon moneys paid to the guardian by the United States Veterans' Bureau as monthly disability compensation accruing to the ward over a period of years and upon moneys paid to the guardian by the United States Veterans' Bureau under a policy of war risk insurance. The Court held that the monthly disability payments made by the government were part of the corpus of the ward's estate, citing Bagwell v. McCombs, supra, and Anderson v. Steddum, supra. The Court further held that the moneys paid to the ward under the policy of war risk insurance were part of the corpus of the estate, stating at page 878 of the opinion:

"In the instant case the ward's claim for war risk insurance, subsequently enforced by appellant as guardian, existed as such claim at the time appellant was appointed and qualified as guardian. . . . We think unquestionably, though a chose in action at the time appellant was appointed guardian, the insurance claim was a part of the corpus of the ward's estate. . . . The word 'estate' includes claims that are mere choses in action and are alone sufficient warrant for instituting administration proceedings in a probate court. /Citing authorities/

"We, therefore, hold that the claim for war risk insurance was a part of the corpus of the estate, and, when this claim was later converted into money and paid to the guardian, its status, as a part of the corpus of the ward's estate, was unchanged, and no commissions to the guardian could be allowed thereon. Anderson v. Steddum (Tex.Civ.App.) 194 S.W. 1132; Bagwell v. McCombs, Guardian (Tex.Civ.App.) 31 S.W. (2d) 835; Freedman v. Vallie (Tex.Civ.App.) 75 S.W. 322."

The case of McCrory v. Wichita County, 261 S.W.2d 867 (1953, error ref.) held that moneys received by a guardian and constituting the ward's share of periodical distributions from the liquidation of a trust are not "actual cash receipts" within the meaning of Article 3926, Vernon's Texas Civil Statutes, and that the County Judge was, therefore, not entitled to a commission on such sums. The decision relied upon Willis v. Harvey, supra. The following language of the court in the Willis case was quoted with approval at page 289:

". . . It is thought the term 'actual cash receipts' should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died, . . ."

In the McCrory case it was further stated at page 869:

"The 'estate first delivered' to appellant was the distribution made to her by the trustee. . . . As guardian, she could not have claimed a

commission on the estate first delivered.

"   . . .

"But if it could be said that the ward's
estate 'first delivered' to appellant consisted
of ownership in the properties conveyed by the
trustor to the trustee, rather than in the share
distributed to her by the trustee, the funds
distributed would nevertheless be the corpus
of the ward's estate.  It would be the same estate
in a different form, and would be only once re-
ceived.  Gilbert v. Hines, Director of U. S.
Veterans' Bureau, Tex.Civ. App., 32 S.W. 2d 876;
21 Tex. Jur., p. 352, sec. 95."

It was also held in McCrory v. Wichita County, supra,
that the provisions of the statutes relating to commissions
to be paid to executors, administrators and guardians are
indicative of the legislative intent expressed in Article
3926, Vernon's Texas Civil Statutes, relating to commissions
to be paid to the County Judge upon actual cash receipts of
an estate.  Hence, the case of Gilbert v. Hines, supra, while
relating to the commission to which a guardian is entitled
on an estate of his ward, serves to reflect the interpreta-
tion which should be given to the statute allowing County Judges
commissions upon the "actual cash receipts" of an estate.

In the present situation the ward's interest in the
Workmen's Compensation claim and her interest in the Social
Security benefits were in existence at the commencement of
the guardianship, both claims having arisen from the death
of her father prior to the guardianship.

From the cases cited above, it is abundantly clear
that since these claims and the money into which they were con-
verted constitute the estate first received by the guardian,
they cannot also be income or "actual cash receipts" from the
estate, but must be viewed as the corpus thereof.  Accordingly,
it is our opinion that these payments from a claim for Workmen's
Compensation and a claim for Social Security benefits represent
the corpus of the ward's estate.  They are, therefore, not subject
to the payment of commissions to the County Judge under the pro-
visions of Article 3926, Vernon's Texas Civil Statutes.

Mr. Charles J. Lieck, Jr., page 6     (WW-664)

Attorney General's Opinions O-5495 (1943) and O-1665 (1939) are hereby overruled to the extent that they are in conflict with this opinion.

## S U M M A R Y

A County Judge is not entitled to a commission under Article 3926, Vernon's Texas Civil Statutes, on moneys received by a guardian as benefits to the ward on a claim for Social Security and a claim for Workmen's Compensation, both such claims arising from the death of the ward's father prior to the guardianship, because the claims and moneys derived therefrom are part of the corpus of the ward's estate.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell

Henry G. Braswell
Assistant

HGB:mg:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

William E. Allen
Elmer McVey
C. Dean Davis
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert