In the Matter of the GUARDIANSHIP OF Dorothy M. REHBERG, NCM.

No. 01–87–00427–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1988.

S. Mitchell Howie, Galveston, for appellant.

Susan Baker Olsen, Galveston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

SAM BASS, Justice.

This is an appeal from the denial of guardianship fees.

On October 12, 1983, the estate of Dorothy M. Rehberg sold real property for 20% down and a promissory note payable in equal monthly installments. The guardian applied for and received five percent of the actual cash received at the time of the sale. A real estate broker also received a sales commission of six percent of the sales price. On January 8, 1985, the purchaser of the property paid the remaining principal on the note, plus penalties and interest. The guardian then applied for a five percent fee for cash received upon payment of the promissory note in full. The trial court denied the request and found that proceeds from the sale of a ward's real estate do not constitute "gross income," as that term is used in Tex.Prob.Code Ann. sec. 241(b) (Vernon Supp.1988).

Section 241(b) states, in pertinent part, that:

The guardian orthe temporary guardian of the estate, or of the person and estate, shall not be entitled to, or receive, any fee or commission on the estate of the ward when it is first delivered to him; but shall be entitled to a fee of five per cent (5%) on the *gross income* of the ward's estate and five per cent (5%) on all money paid out.... (Emphasis added.)

In two points of error, the appellant argues that the trial court erred in denying his application for the statutory fee because the money derived from the sale of the estate's real property was "gross income."

▮ Appellant cites several cases that relate to commissions paid to an executor or administrator upon a cash sale of the assets of the estate, but we conclude that these cases are not pertinent to this appeal. Under Tex.Prob.Code Ann. sec. 241(a) (Vernon Supp.1988), "executors, administrators,

**436**

and temporary administrators shall be entitled to receive a commission of five per cent (5%) on *all sums they may actually receive in cash....*" (Emphasis added.) A guardian's fee, however, is awarded on the "gross income" of the ward's estate, not on the "cash received" by the estate. Sec. 241(b).

■ The issue of what constitutes "income" of a ward's estate has been addressed rarely by Texas courts. A guardian has been denied a statutory commission upon the payment of war risk insurance, *Gilbert v. Hines,* 32 S.W.2d 876 (Tex.Civ. App.—Dallas 1930, no writ), United States veteran's disability benefits, *Bagwell v. McCombs,* 31 S.W.2d 835 (Tex.Civ.App.— Dallas 1930, no writ), and pension benefits. *Anderson v. Steddum,* 194 S.W. 1132 (Tex. Civ.App.—Texarkana 1917), *aff'd,* 222 S.W. 1090 (Tex.Comm'n App. 1920, holding approved). In each case, the courts have classified these payments as receipt of corpus and not of income. A guardian is also not entitled to any commission for the collection on notes that were a part of the corpus of the estate when he was appointed. *Pemberton v. Leatherwood,* 218 S.W. 2d 500, 504 (Tex.Civ.App.—Eastland 1949, writ ref'd n.r.e.). Thus, the corpus of a ward's estate retains its original identity even if it is later converted to cash.

■ Accordingly, we conclude that when realty owned by an estate is later converted to cash, it remains the corpus of that estate and is not "gross income," and the guardian is not entitled to the statutory fee.

Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.