

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

*Overruled by*
*C-272*
*Where conflicts*
(N)

September 19, 1958

Honorable Tom Moore, Jr.          Opinion No. WW-502
District Attorney
Waco, Texas                       Re:  Interpretation of Section
                                       1, Article 3926, Vernon's
                                       Civil Statutes, regarding
Dear Mr. Moore:                        fees of County Judges.

        We have received your letter of August 5, 1958, in
which you request our opinion on the following question:

        "The estate of the late Madison Cooper
        of this County consisted, among other things,
        of several hundred thousand dollars in various
        stocks and bonds.  During the course of admin-
        istration of the estate, the executor sold
        some of these in the amount of $515,114.44.
        This money was later invested in other stocks
        and bonds.  Our County Clerk has assessed a
        fee of ½ of one per cent against the proceeds
        of these sales under Article 3926, V.R.C.S.
        The attorney for the estate disputes this
        charge and we have been asked to seek your
        opinion. . . ."

        You included with your request a copy of the execu-
tor's verified account for final settlement which reflects the
properties in question included corporate stocks and stock
rights, corporate bonds, municipal and other political subdi-
vision bonds, certificates of deposits and United States Govern-
ment Bonds.  You desire to know if the County Judge, under Sec-
tion 1 of Article 3926, Vernon's Civil Statutes, may tax a com-
mission of one-half of one percent upon the funds realized from
the sale of such properties when such funds are later used to
purchase similar properties.

        Section 1 of Article 3926 reads as follows:

        "The county judge shall also receive the
following fees:

        "1.  A commission of one-half of one per
cent upon the <u>actual cash receipts</u> of each <u>execu-
tor</u>, administrator or guardian, upon the approval

2432

of the exhibits and the final settlement of the account of such executor, administrator or guardian." (Emphasis added)

We have assumed that such securities were held by the testator as part of the corpus of his estate at the time of his death, and, further, that such securities (the ones later sold) were held by the estate when the executor qualified. Since we have no information before us on how the securities were originally inventoried upon probate of the will, nor what values were assigned thereto, we can give you only what we consider to be the general principles applicable here.

In Attorney General's Opinion V-398 (1947), it was determined that when a personal representative cashes United States Government Bonds, he is merely exchanging one form of government obligation for another, and that, therefore ". . . such sums should be classified as cash on hand at the time of the death of the testator, and the County Judge is not entitled to any fees under Article 3926 on said sum." Such opinion cites as its authority Terrill v. Terrill, 189 S.W.2d 877, writ refused, which reached such result on the question of cashing Savings Stamps, United States Post Office. Such is the rule when these obligations are cashed, as distinguished from being sold.

In Attorney General's Opinion O-5654 (1943), it was determined that cash received as "liquidating dividends" was taxable under Section 1 of Article 3926. The amount there under consideration was in excess of the inventoried value of stock owned in a lumber company and such opinion was concerned only with the amount so received in cash. The cash received represented increase accruing to the estate during the course of administration. We feel such opinion correctly states the law applicable to the question there under consideration. There is language in such opinion, however, that might be construed as holding that the County Judge would be entitled to such commission on all money collected when property constituting original corpus of the estate is sold for cash, even if the amount received equaled or was less than the inventoried values. We do not feel such an expanded construction of the opinion would be a correct statement of the law. Opinion O-5654 relies in part on Goodwin v. Downs, 280 S.W. 512, (Comm.App.) which is authority for the proposition that all funds received by the representative pursuant to completion of the descendent's contract would be so taxable and not just that amount representing profit to the estate. We do not believe such case controls the question of the conversion of a portion of the corpus of the estate into another form of asset.

The case of McCrory v. Wichita County, 261 S.W.2d 867, establishes that the words "actual cash receipts" as used in Article 3926 do not contemplate a commission to be paid on any and all money that may be collected by the executor:

"We believe that the expression 'actual cash receipts' has a more restricted meaning than 'cash actually received'. In the first expression, 'actual cash' describes 'receipts', while in the second, 'actually received' describes 'cash'. Cash may be capital, or the corpus of an estate, while the word 'receipts' is synonymous with 'income', 'issue', 'product', 'yield', 'returns', and 'proceeds' . . . And the term 'proceeds' has been defined as '. . . "the amount proceeding or accruing from some possession or transaction." . . .'"

Also, see Willis v. Harvey, 26 S.W.2d 288, which states:

". . . It is thought the term 'actual cash receipts' should be held to specifically describe money received by the executor other than the cash or corpus of the estate which was on hand when the testator died, because the words used point to and imply that meaning. . . ." (Emphasis added)

In the case of Gilbert v. Hines, 32 S.W.2d 876, the following statement is made which we feel accurately disposes of the question here under consideration:

"We, therefore, hold that the claim for war risk insurance was a part of the corpus of the estate, and, when this claim was later converted into money and paid to the guardian, its status, as a part of the corpus of the ward's estate, was unchanged, and no commissions to the guardian could be allowed thereon." (Emphasis added)

In addition, the McCrory case cited above, states:

"It would be the same estate in a different form, and would be only once received."

We, therefore, conclude that when assets constituting a portion of the original corpus of an estate are sold, the cash received therefor is not such "actual cash receipts" as would be taxable with a Judge's commission under Section 1 of Article 3926, if the money received did not exceed the inventoried value of such assets. The same rule would apply to the sale of United States Government bonds and obligations, as

2434

distinguished from the cashing of such obligations. Cash received representing increase over the inventoried value of such corpus would, of course, have accrued during administration and would be taxable.

## SUMMARY

Under Section 1 of Article 3926, Vernon's Civil Statutes, when securities constituting original corpus of the estate are sold by an executor, the County Judge may receive commissions on only that portion of the cash so received which represents increase over the inventoried value of the securities; the same rule applies when United States obligations are sold, as distinguished from cashed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

TIMc:zt:wb

APPROVED:
OPINION COMMITTEE

Geo. P. Blackburn, Chairman
William E. Allen
Jack Goodman
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert